### PRICE v. KRASNOFF.

1  TRUSTEE—PURCHASER—NOTICE—FRAUD.—Where absolute power of sale is given to trustee, purchaser is not liable for breach of duty by trustee, in absence of notice from terms of instrument or otherwise, or of collusion with trustee, or of facts sufficient to put him on inquiry.

2  IBID.—IBID.—IBID.—IBID.—Such notice cannot be imputed to purchaser from conveyance by trustee to original grantor for stated *valuable* consideration, and reconveyance to trustee for *good* consideration of the same and other property, including additional power to mortgage.

3. IBID.—Such conveyance by trustee and reconveyance to grantor is not sale for reinvestment, and not notice of equity of *cestui que trust.*

4. PURCHASER FOR VALUABLE CONSIDERATION WITHOUT NOTICE sufficiently alleged in the answer herein.

5. PARTIES—REDEMPTION.—*Cestui que trustent* are not necessary parties to foreclosure of mortgage executed by trustee under power in trust deed, and they have no right to redeem property so sold.

Before HUDSON, Special Judge, Barnwell, March, 1900. Affirmed.

Action to set aside certain deeds by Julia M. Price *et al.* against S. Krasnoff *et al.* From judgment dismissing complaint, plaintiffs appeal.

*Messrs. B. T. Rice* and *G. M. Greene,* for appellants, cite: *The plaintiffs fully established by competent testimony their equitable title to the property:* 4 DeS., 287; 3 Strob. Eq., 134; 5 Rich. N. S., 90. *Answers of defendant do not contain the requisite pleas for setting up defense of purchaser for value without notice:* 7 Rich. Eq., 516; 5 S. C., 96; 3 Strob., 135. *Defendants had full notice of facts:* 13 S. C., 167; 9 S. C., 26. *The plaintiffs were necessary parties to foreclosure of trustee's mortgage:* 22 S. C., 332; 9 Rich. Eq., 325; Bail. Eq., 395; 25 S. C., 275; 16 S. C., 282.

*Messrs. J. O. Patterson* and *Bellinger, Townsend & O'Bannon,* contra. The latter cite: *Defendants take good title, unless notice of alleged fraud outside of deed is brought to them:* 23 S. C., 494; 6 Rich. Eq., 176; 63 Ala., 561; 51 Ill., 415; 79 Ill., 79; 33 Ill., 259; 53 Miss., 307; 26 Neb., 33; 70 Ill., 46; 7 Johns Ch., 150; 38 N. E. R., 38; 39 S. W. R., 345; 44 Ala., 117; 17 Ves., 822; 24 S. C., 487; 8 Wheat., 421; 2 DeS., 375; 1 Speer Eq., 135; 2 Fed. R., 329; 70 Miss., 45. *Sufficiency of statement of facts cannot be considered for first time on appeal:* 30 S. C., 526. *Allegations are sufficient to sustain plea of purchaser for value without notice:* 8 S. C., 104; 12 S. C., 4; 21 S. C., 435; 25 S. C., 72; 27 S. C.,549. *Cestui que trustent are not necessary parties to the foreclosure:* 23 S. C., 315; 22 S. C., 332; 9 Rich. Eq., 332; 4 Rich. Eq., 490; 93 U. S., 155; 124 U. S., 172; 166 U. S., 543; 4 Minn., 317; 8 Ohio, 500; 9 Hare App., 40; 3 Deg. M. & G., 119; 94 U. S., 345; 182 Pa. St., 388; 90 Ga., 72; 50 S. C., 127; 16 S. C., 424; 4 Rich. Eq., 60; Code, 134; 20 App. Div. Sup. Ch. R. (Hem.), 87; 17 N. Y., 210; 23 S. C., 516.

April 3, 1901. The opinion of the Court was delivered by

MR. JUSTICE POPE. This action came on to be heard before his Honor, Judge J. H. Hudson, sitting as a special Judge, under a legal appointment to said office. The testi-

mony, both oral and documentary, were submitted in a report made by A. Howard Patterson, Esq., as master for Barnwell County. The said Circuit Judge submitted the following decree: "This is an action brought by the plaintiffs, the beneficiaries under a trust deed executed by John H. Price to Geo. W. Price, trustee, December 3d, 1887, to set aside two deeds, the first from Geo. W. Price, trustee, to John H. Price, dated 22d January, 1890, and the second from Jno. H. Price to G. W. Price, trustee, dated February 19th, 1890, and to recover the lands described in the complaint from the defendant, S. Krasnoff. The defendants, E. H. Jahnz and J. H. Jahnz, copartners in trade under the firm name of C. D. Franke & Co., intervened, and, on their petition, were made parties defendant, in order that they might defend the title of S. Krasnoff, their grantee. The testimony was taken and reported by the master. From a consideration of all the testimony in the case, I find the following facts: The lot of land described in the trust deed of December 3d, 1887, and in the first paragraph of the complaint, is composed of two distinct lots, which are distinguished as follows: No. 1. All that certain lot or parcel of land in the town of Barnwell, containing one-half acre, more or less, and bounded as follows: north by the lot of the estate of Mrs. Ryan; east by A. J. Weathersbee; south by lot of J. M. Sadler; and west by lot of Mrs. O. H. Sadler, and lots of Charles Peachman and Weathersbee, being the lot assigned to W. E. Sadler in the partition and division of the real estate of Elijah Sadler and Mahala Sadler. No. 2. All that lot, with the buildings thereon, in the town of Barnwell, consisting of dwelling house and workshop, bounded by a street which separates it from lands of A. J. Weathersbee, lands of Mrs. M. C. Woodward, estate of Mrs. R. B. Ryan and Charles Peachman. Lot No. 1 was purchased by John H. Price from Simon Brown, March 27th, 1887, and a mortgage of $200 given to secure the payment of the purchase money. Lot No. 2 was purchased by said John H. Price, from M. C. Woodward, on the 17th November, 1887. On

the 3d of December, 1887, John H. Price, in consideration
of natural love and affection for his brother, Geo. W. Price,
conveyed both these lots to him, by his deed of that date,
under the trusts and limitations therein contained, which are
such that the legal title remained in the trustee, who was
given broad discretionary powers over the property, includ-
ing the power to sell, whenever in his judgment the interest
of his family or his business might require it, and to reinvest
the proceeds of sale in other property as he might see fit.
That on the 22d of January, 1890, Geo. W. Price, trustee,
by virtue of the power vested in him by the last mentioned
trust deed, for an alleged consideration of $3,000, conveyed
said lots absolutely back to his brother, John H. Price, in
fee.    It is recited in the deed that this consideration was
paid, at and before the sealing of the deed.    On the 19th day
of February, 1890, said John H. Price, in consideration of
natural love and affection, reconveyed the two lots, together
with a plantation of 347 acres near the town of Barnwell, to
George W. Price, trustee, under trusts and limitations de-
clared in the deed of conveyance similar to those in the first
trust deed, except that it expressly gives the trustee the
power in his discretion, when the interest of the trust estate
or business might require it, to borrow money, and pledge
or mortgage the property as security for the loan, as fully as
though it were his individual property, and as if no trusts
had been declared in reference thereto.

   "That on the 3d of April, 1891, said Geo. W. Price, under
the power contained in his last trust deed, borrowed $1,350
from the Bank of Barnwell, and secured it by a mortgage of
all the trust property.    That on the 16th May, 1892, under
the power in his trust deed, said Geo. W. Price, trustee, exe-
cuted a mortgage of all the trust property to C. D. Franke &
Co. for $1,600, to secure the payment of advances made by
the mortgagees to him in his business.    These mortgages
were subsequently foreclosed in an action in this Court
brought by Simon Brown against said Geo. W. Price, trus-
tee, John H. Price, the Bank of Barnwell and E. H. Jahnz

and J. H. Jahnz, copartners under the firm name of C. D. Franke & Co., and the lands sold by the master under the decree of the Court for cash. At this sale E. H. Jahnz and J. H. Jahnz became the purchasers of said lands, at the following prices: lot No. 1, $475; lot No. 2, $550; and lot No. 3 or the plantation, $1,025, and complied with the terms of sale, by paying the purchase money, and the sale was confirmed by order of this Court. At the time of their purchase at this sale, November 4th, 1895, the defendants, E. H. Jahnz and J. H. Jahnz, had no notice of the want of consideration now testified to by Geo. W. Price and John H. Price, in the deed from Geo. W. Price, trustee, to John H. Price, dated 22d January, 1890, nor of the reason now assigned by the Price brothers for the execution of this deed, and of the deed from John H. Price to Geo. W. Price, trustee, dated 19th February, 1890. Nor did they have notice of the facts sufficient to put them on inquiry as to whether the consideration of these deeds was other than recited in them. Having purchased at this judicial sale and paid the purchase money, complying with the terms of the sale in good faith, without any notice of the facts constituting the fraud and breach of trust alleged in the complaint, their defense as purchasers *bona fide* without notice must be sustained. That on the 26th day of March, 1898, the defendant, S. Kransnoff, purchased said lots No. 1 and No. 2 from said C. D. Franke & Co. for $600, and paid therefor in good faith, without notice of the fraud or breach of trust alleged in the complaint, or of facts sufficient to put him on inquiry as to the existence of such fraud or breach of trust. There is an additional reason why the complaint must be dismissed, so far as lot No. 1 is concerned, namely: this lot was sold in the foreclosure proceedings under the mortgage given Simon Brown for the purchase money, prior to the creation of the trust estate, and the purchaser at the sale under this mortgage could not be affected by the limitations and trusts declared in subsequent deeds.

"During the argument of this case, the plaintiffs have sug-

gested that there was a defect of parties in the foreclosure proceedings in the case of Simon Brown *v.* John H. Price *et al.,* inasmuch as the beneficiaries under the trust deed were not made parties thereto, and that the beneficiaries should now be allowed to redeem against the mortgages foreclosed in those proceedings. In answer to this position, I hold that there was no defect of parties in those proceedings. The beneficiaries were not necessary parties. They were represented in this action by the trustee who held the legal title. Nor could they be allowed to redeem in this action, as the complaint lacks allegations necessary to cause of action for such relief.

"It is, therefore, ordered, adjudged and decreed, that the complaint be, and hereby is, dismissed."

From this decree the plaintiffs appeal on the following grounds : which we will consider in their order as follows :

"I. That his Honor, Judge Hudson, erred in holding that the defendants, E. H. Jahnz and J. H. Jahnz, had no notice of the want of consideration in the deed from Geo. W. Price, trustee, to John H. Price; whereas, he should have held that George W. Price having never parted with the possession of said property, and that said deed did show upon its face that it was not a sale for reinvestment, as required by the terms of the trust deed, and should also have held that the trustee could only exercise the power of sale for reinvestment for the benefit of the *cestui que trust.*" We must overrule this exception for these reasons: The trust deed from John H. Price to George W. Price, as trustee, dated 3d December, 1887, gives such trustee, in whom a legal title to such lands is vested, these powers: "Provided, the said George W. Price is to manage, control and direct the said property and business as it now stands, or as it may hereafter be increased, which he had full power to do by adding thereto from the accretions of the business, rents and profits of the lands, by converting personal property into real estate *and real estate* into personal property, as in his judgment and discretion may best conduce to the welfare of the

12—60

family, with full power and authority at any time, that in his judgment the interest of the family and business may require it, to sell any portion or all of the said property, real and personal, and reinvest the proceeds of such sales in other property, as he sees fit," &c. Could there be more absolute power to sell the property than here set out? No one who purchases is obliged to see that purchase money is reinvested. All the responsibility touching trust property is not devolved upon a public which trusts to the fidelity and good faith of one who is named as trustee in the instrument creating the trust. It is only where third parties have notice either from the terms of the instrument creating the trust, or other notice, or from some collusion with the trustee in the wrong done a *cestui que trust,* that they are liable for the breaches of duty by the trustee. It seems that the execution of this deed was witnessed by two of the plaintiffs. Then J. H. and E. H. Jahnz had no actual notice—for so it is sworn, and no testimony is offered to contradict such testimony. This exception is overruled.

The *second* exception is as follows: "2. That his Honor, Judge Hudson, erred in holding that the said J. H. Jahnz and E. H. Jahnz had no notice sufficient to put them on inquiry; whereas, he should have held that the deeds from John H. Price to Geo. W. Price, trustee, dated on the 19th day of February, 1890, being expressly in consideration of natural love and affection, and containing all the trusts and limitations of the first trust deed, with the added power to the trustee to mortgage and pledge the property, and said deeds from Geo. W. Price, trustee, to John H. Price, and from John H. Price to George W. Price, trustee, were executed for the purpose of enabling the said trustee to encumber the said trust property by way of mortgage, and the Court should have held that said purchaser had full notice of the same, as the said deeds were all on record." This ground of appeal is almost the same as that just before overruled. We may remark, however, that there was nothing in these later deeds to excite any unusual notice.

It is true, that the last deed from John H. Price to Geo. W.
Price, as trustee, did include a plantation of over 300 acres,
but this fact would only render it more probable that addi-
tional credits would or might be needed to enable a wagon
and carriage maker to run a plantation in addition to his
other business.   It is to be supposed that J. H. and E. H.
Jahnz would know from observation that to engage in
planting requires the outlay of a considerable sum of money,
hence the clause in the deed empowering the trustee to bor-
row money by mortgage, was in the range of probable neces-
sity.   In view of what has happened, it is quite evident that,
so far as creditors of the trust estate was concerned, this was
a wise provision.   This exception is overruled.

The third exception is as follows: "3. That his Honor,
Judge Hudson, erred in holding that S. Krasnoff purchased
the said trust property without notice of facts constituting
the breach of trust alleged in the complaint of the trustee,
Geo. W. Price, and also erred in holding that he purchased
without notice of facts sufficient to put him upon inquiry as
to the existence of such breach of trust."   The character of
the deeds in question we have held, *per se,* did not give
notice of any breach of trust; so if Krasnoff received notice
of fraud or any breach of trust, it would be necessarily de-
rived from sources other than the deeds, and we fail to find
anything in the testimony bringing home to him any know-
ledge of fraud or breach of trust, nor is there anything to
put him upon inquiry as to the existence of such.   This ex-
ception is overruled.

Now as to the fourth exception.   It is as follows: "4.
That his Honor, Judge Hudson, erred in not holding that
the defendants, J. H. Jahnz, E. H. Jahnz and S. Krasnoff,
bought the trust property with express notice of the equita-
ble title of these plaintiffs to the same; which is sub-
stantially admitted by the defendants, and not denied
by their answers in this cause."   We cannot agree to
this statement, in view of the testimony offered at the trial,
taken in connection with the provisions of the deeds in ques-

tion.   When such abundant power to sell is given to this
trustee in the deeds themselves, and that power is not hedged
about with safeguards as to act of sale itself, it authorizes
the trustee to sell, and the care as to reinvestment is not that
of the purchaser at such sales, but is confined to the trustee
himself in the matter of such reinvestments.   The two lots
of land in the town of Barnwell were in no way a reinvest-
ment by the trustee of the proceeds of any sales made by him
in his official character.   This exception is overruled.

The fifth exception is as follows: "5. That his Honor,
Judge Hudson, erred in holding that the separate answer of
J. H. Jahnz and E. H. Jahnz is sufficient to entitle them to
the defense of purchasers for valuable consideration without
notice; whereas, his Honor should have held that the
answer of J. H. Jahnz and E. H. Jahnz contained
none of the essential requisites of the plea of pur-
chaser for valuable consideration without notice; in that the
defendants do not aver in their said answer that they paid the
consideration money before they had notice of the equitable
title of the plaintiffs, and they do not aver that Geo. W.
Price, trustee, was seized, or pretended to be seized, in fee of
the premises, nor have not alleged in their answer that the
consideration was *bona fide* and truly paid, and that his
Honor should have so held."   No objection of this charac-
ter seems to have been presented to the Circuit Judge at the
hearing before him.   We see no notice of demurrer to the
answer of these defendants, nor was there any motion made
to require the defendants to be more specific in this regard.
The report of the master stated that these defendants paid
their bids in cash.   In their answer they alleged: "That
these defendants, on the 4th day of November, 1895, with-
out notice of the fraud and consideration alleged in the com-
plaint to exist in reference to the deed from Geo. W. Price,
trustee, to John H. Price, dated 22d January, 1890, and rely-
ing upon said deed as a *bona fide* conveyance, became the
purchasers of the land described in the complaint, at a judi-
sion sale and foreclosure, under the decree of this Court, in

an action brought by Simon Brown, as plaintiff, against John H. Price and others, as defendants, for a valuable consideration, and thereafter conveyed the same to S. Krasnoff, defendant." This exception is overruled.

The sixth exception is as follows: "6. That his Honor erred as matter of law in not holding that it was incumbent upon the defendants, J. H. Jahnz and E. H. Jahnz, to aver and prove the defense of purchaser for valuable consideration without notice by competent evidence." The appellants in this exception show their misconception of the Circuit Judge's decree in the matter here referred to : he does not lay down any such rule. On the contrary, he examines the testimony critically to see if these defendants had sustained their plea in this regard, and he found that they had. This exception is overruled.

The seventh exception is as follows : "7. That his Honor, Judge Hudson, erred in not holding that the answer of S. Krasnoff was insufficient to sustain the defense of purchaser for value without notice; and his Honor also erred in not holding that it was incumbent upon the said defendant, S. Krasnoff, not only to aver but to prove that he was a purchaser for valuable consideration without notice of the equitable title of the plaintiff."

The appellants fail to state the text of S. Krasnoff's answer as Krasnoff's answer, but we find in the "Case" that Krasnoff was allowed to amend the eighth article of his answer by adding these words: after words "good faith," at the end of that paragraph (8) or article, "and without any knowledge, notice or information of any fraud or breach of trust on the part of Geo. W. Price, as trustee, as alleged in the complaint, or in the transaction between the said George W. Price, trustee, John H. Price and the Bank of Barnwell, alleged in the complaint except as appears upon the records in the register's office for Barnwell County." We find an answer which we infer from its statement was that of Krasnoff, though there are no words calling it Krasnoff's answer.

We think the phraseology of the answer sufficient to sustain his plea. This exception is overruled.

"8. That his Honor erred as matter of law in holding that the plaintiffs, who were the beneficiaries under the trust deed, were not necessary parties to the foreclosure proceedings of Simon Brown *v.* J. H. Price and others." The holder of the legal estate was a party to the action referred to. The mortgage of Simon Brown was a lien upon the land when the trust was created. That mortgage had to be paid. Besides all this, *the cestui que trustent* are all before the Court now. Their rights under the trust deed are being considered. Under those deeds, they have no cause of action. What they have against John H. Price and George W. Price is very full, under their admission. However, the latter phase is not a question here. Let the exception be overruled.

"9. That his Honor erred as matter of law in holding that the rights of the plaintiffs, who are the beneficiaries under the trust deed, were concluded in the action and proceedings of S. Brown *v.* J. H. Price and others, because the trustee, who held the legal title, was before the Court and a party defendant in said action." We have already so held. Exception overruled.

Lastly, the tenth exception, which is as follows: "10. That his Honor erred in holding that these plaintiffs did not have the right to redeem the premises described in the complaint from the purchasers at a judicial sale to which they were not made parties; and his Honor also erred in refusing to permit the plaintiffs to insert allegations in the complaint herein appropriate to the redemption of the trust property by the plaintiffs." It is very evident that if the holder of the legal title to the lands in question was a necessary party, and the plaintiffs here were not necessary parties to Simon Brown's suit for foreclosure, the judgment and sale thereunder gave a good title to the purchaser. No redemption money is now in order. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.