IN RE ESTATE OF ANDREW JACKSON.

FAYE JACKSON et al., Appellants, v. WALTER ABEGG, Appellee.

TONEY F. JACKSON et al., Appellants, v. WALTER ABEGG, Appellee.

**EXECUTORS AND ADMINISTRATORS:** Sales—Notice to Trust Beneficiary Without Title. Notice of an application by an administrator to sell real estate to pay debts need not be served on the beneficiary of a testamentary trust in the land, when the title to the trust lands is vested in a trustee, with unlimited discretion to sell.

**LIMITATION OF ACTIONS:** Computation of Period—Minors—Non-Applicability of Statute. The additional one-year period given by statute (Sec. 11015, Code of 1924) to minors after they attain their majority, in which to institute actions, has no application to an action to set aside an administrator's deed to land sold for the payment of debts.

**EXECUTORS AND ADMINISTRATORS:** Sales—To Whom Purchaser Accountable. A purchaser at an administrator's sale is accountable solely to the administrator of the pending estate.

*Appeal from Wapello District Court.*—W. M. WALKER and D. M. ANDERSON, Judges.

OCTOBER 17, 1924.

THE two cases above entitled are companion cases. The parties are the same in both; the objective of the petitions in both is the same; they were decided in the lower court at the same time; and they were submitted and argued together before us. We shall, therefore, dispose of both by one opinion. The prayer of the petition in each case is, in substance, that the petitioners recover of the defendant, Abegg, the proceeds of the sale of certain land conveyed to him by Joseph F. Jackson, as trustee of these petitioners, such land being also conveyed to him by administrator's deed, duly executed. There was a demurrer to the petition in each case, and each demurrer was sustained.

From the judgment entered thereon, the petitioners, electing to stand, have appealed.—*Affirmed.*

*Frank T. Roberts,* for appellants.

*Heindel & Hunt,* for appellee.

EVANS, J.—I. The petitions on their face purport to charge fraud on the part of the defendant, as a ground of recovery. The argument for appellants here is very brief, and purports to stand upon the allegations of the petition. The substance of such argument is that the petition charges fraud, and that the demurrer necessarily admits the charge, and that the trial court erred in ignoring such charge. It will be noted that the first case, No. 36345, was a proceeding in probate, filed in the matter of the estate of Andrew Jackson, and asked an accounting from the defendant. It was alleged that the defendant and his attorney had in some manner caused the administrator, D. H. Baum, to execute to the defendant an administrator's deed, and that the said defendant never paid to the administrator any part of the proceeds of such sale, but that such proceeds were paid to unauthorized persons; that the order of sale was obtained by the administrator without any notice to the petitioners. This petition prayed that the orders of the court be set aside, and also that the court fix the amount to which the petitioners were entitled under the will of Andrew Jackson, and that the defendant be required to pay the same to the petitioners. The second action, begun some months later, No. 36346, was brought in equity. The petition charged that the defendant obtained a deed from Joseph F. Jackson, as trustee of these plaintiffs, and that he knew that Joseph F. Jackson was acting in the capacity of trustee, and that he took the land knowing it to be impressed with a trust, and that he knowingly received the deed in violation of the trust and in disregard of the rights of the plaintiffs, and that he paid nothing for said conveyance to the trustee for "their use and benefit." The prayer is that the deed be set aside and that the defendant account to the petitioners for the land or for its value.

The mere allegations of the petition, as distinguished from exhibits referred to and made a part thereof, are very indefinite and quite cryptic. The allegations themselves are very general, and in the nature of conclusion. While they charge fraud in terms, no fraud is specifically disclosed, except by epithet and innuendo. The exhibits which are made a part of the petition by reference consist of records and instruments which tend to negative, rather than to sustain, the allegation of fraud, and to negative also any cause of action in favor of the petitioners, as against this defendant. The ruling of the trial court was necessarily predicated upon the facts disclosed by these exhibits, as controlling the mere conclusions of the pleader in the petition.

From the record thus made, it appears that one Andrew Jackson died testate April 18, 1910. He was survived by four sons: William, Joseph, Levi, and Abraham. To his three sons other than Joseph, he bequeathed three fourths of his estate in equal share. The other fourth of his estate, he bequeathed "to my son, Joseph F. Jackson, in trust for the sole use and benefit of my two grandchildren, Tony Jackson and Fay Jackson, children of my said son, Joseph F. Jackson, and I do hereby give and grant unto my said son Joseph F. Jackson as trustee, full power to sell and dispose of said property as trustee and reinvest the same; and as such trustee he shall not be required to give bond, nor shall he be required to account to any court as such trustee."

The petitioners herein are the two children of Joseph Jackson, and are the beneficiaries of the trust created by the testator. The son William was appointed administrator of the estate. Sometime prior to June, 1911, he resigned, and D. H. Baum was appointed and qualified. The estate of the testator included a farm. In November, 1910, the four sons of the testator joined in an executory contract of sale of such farm to the defendant's assignor. This contract included also an adjoining tract of 80 acres, belonging to the son William. The price fixed for the land belonging to the estate of the testator was approximately $16,000. Before this executory contract was performed, and on July 6, 1911, Baum, the administrator, filed a petition asking authority to sell the real estate to pay the debts. The petition of

the administrator for such purpose disclosed an indebtedness of over $14,000. The order of sale was granted as prayed. Pursuant to this order, the administrator sold and conveyed the land to the defendant. The administrator's deed was presented to the court and duly approved and filed for record, August 23, 1911. The consideration agreed upon by the administrator was the same as had been agreed upon in the previous contract by the four sons.

The petitioners challenge the legality of the application of the proceeds of this sale, in that the same was paid out to unauthorized persons, and in that nothing was paid to the administrator, or perhaps that nothing was paid to the administrator for the "use and benefit" of these petitioners. Baum is still the administrator of such estate, and is within the jurisdiction of the court, and the estate is still open and unsettled. The petitioners assail the administrator's deed on the ground also that no notice was given to them or either of them of the application or proceeding, and that they were not represented in the proceeding by guardian ad litem. It is not averred that no notice was given to Joseph F. Jackson, the trustee of the petitioners under the will. For aught that appears in the petition, the proceeding brought by the administrator and the order made pursuant thereto were had and done upon notice to and with the acquiescence of the four sons of the testator. It will be noted from the terms of the will that the testator created Joseph F. Jackson a trustee of one fourth of his estate for the benefit of the appellants jointly, with full discretionary power to dispose of the trust property, and absolved him from all obligation to render any accounting to any court. No allegation in the petition challenges the good faith of the administrator. The title of the trust estate was in Joseph. Notice of the application to Joseph was sufficient to bind the petitioners. Under the will, he had the sole discretion in the disposition of the property. The right of the beneficiaries was subject to that discretion. If notice had been given to the petitioners, they could have acted only through their father, as trustee. No guardian ad litem could have overruled his discretion. He himself would have been the only proper per-

<div style="margin-left:2em; font-size:smaller">
1. Executors and Administrators: sales: notice to trust beneficiary without title.
</div>

son to appoint as guardian ad litem, if guardian ad litem were legally necessary. The interest of these petitioners was subordinate to the call of the administrator for the payment of debts. If they had appeared in the proceeding, they could not have resisted the application. They were not owners of the land. Even their trustee was entitled only to take one fourth of the net estate after the payment of debts. Their interest in the estate was precisely the same after the administrator's sale as it was before: viz., an interest in the net estate. See *Spurgin v. Bowers,* 82 Iowa 187. We hold that there was no infirmity in the administrator's deed for failure to give notice to the beneficiaries of the trust, as distinguished from any notice to the trustee.

II. The execution and approval of the administrator's deed created a presumption of regularity of all prior proceedings. Under Section 3332, Code of 1897, the right to contest such deed for any cause became barred within five years. It is urged, however, that one of the petitioners became of age within less than one year prior to the beginning of this proceeding, and reliance

2. LIMITATION OF ACTIONS: computation of period: minors: nonapplicability of statute.

is had upon the provision contained in Section 3453 of the Code of 1897, which extends the running of the statute of limitations in favor of a minor until the expiration of one year after attaining his majority. This exception purports to apply only to actions defined in the general statute of limitations, being Chapter 2, Title XVIII, of the Code of 1897. It does not purport to apply to the action defined in Section 3332. In that respect, the case is analogous to *Cushing v. City of Winterset,* 144 Iowa 260.

III. One allegation of the petition charges, in substance, a want of consideration, putting upon the allegation an interpretation most favorable to the pleader. The contract of sale, which appears as an exhibit, shows a consideration of approximately $16,000 to be paid by the purchaser. The promise of the purchaser to pay such sum afforded a consideration on the face

3. EXECUTORS AND ADMINISTRATORS: sales: to whom purchaser accountable.

of the contract. He thereby became liable to the administrator for such amount. What seems to have been in the pleader's mind was that the purchaser did not pay such consideration to

the administrator, and that, therefore, there was no consideration. This is argument, and not allegation. The promise to pay made a consideration. A failure to pay would subject the purchaser to a suit by the administrator. The administration is still open. The administrator is within the jurisdiction of the court. The petitioner makes no demand upon him, and makes no charge against him. If the defendant is liable for failure to pay the consideration promised, he is liable to the administrator, and to no one else. If the administrator has been derelict in enforcing payment, the petitioners have their appropriate remedy against him. There is allegation in the petition to the effect that the defendant assumed to pay the proceeds of the sale, not to the administrator, but to claimants against the estate; and that some or all of the claims thus paid were unwarranted. If payments were made to lien holders or other claimants under the direction or approval of the administrator, this would be the equivalent of payment to the administrator. If the administrator improperly disbursed the funds, either by permitting the purchaser to disburse the same or otherwise, he is subject to the orders of the court in an accounting therefor. The fact that the petitioners have not applied for such an accounting nor sought their remedy in that direction carries its own suggestion that the defendant has a defense against the administrator, and that the administrator is free from liability to the petitioners. What is clear upon the record is that the petitioners may not ignore the administrator and seek to establish for themselves against the defendant a cause of action which can exist, if at all, only in favor of the administrator. If anything is due from the defendant on the sale, the administrator may have need of it for the payment of debts. The interest of the petitioners is confined to the remnant which may be left in the hands of the administrator after the payment of debts.

The demurrer in each case was properly sustained. The judgment entered below in each case is accordingly affirmed.— *Affirmed.*

ARTHUR, C. J., and PRESTON and FAVILLE, JJ., concur.