LINCOLN JOINT STOCK LAND BANK OF LINCOLN, NEBRASKA, Appellee, v. GUY C. MITCHELL et al., Appellants.

No. 47218.

(Reported in 33 N. W. 2d 388)

AUGUST 2, 1948.

Wright & Kistle, of Council Bluffs, for appellants.

Nichols & Nichols, of Sidney, and Ross, Everest & Johnson, of Council Bluffs, for appellee.

OLIVER, J.—Testatrix died in 1934 owning the land which had been previously mortgaged to plaintiff. It was not con

tended her estate was liable for the debt secured by the mortgage.

Her will provides in part:

"Par. 3. Upon the death of my husband I direct that all the residue of my estate be divided equally between my three children, namely, Elbert A. Read, Dell Read Sunderland and Henry Read. If any one of them shall have died leaving issue his share shall go to such issue; if he die without issue his share shall be divided equally among those who survive. Each of my children shall file an election with my executors to accept under this paragraph, and until he shall do so Paragraph 4 hereof shall prevail.

"Par. 4. In the event that any one or more of my said children shall reject or renounce the provisions for his benefit as provided in Paragraph 3 hereof, or until he shall file written election to accept under Paragraph 3 hereof with my executors, I give, devise and bequeath such child's share to Dell R. Sunderland, Elbert A. Read and Henry Read in trust for the following specific uses: Said trustees shall hold, invest and manage said property for the benefit of my said child so renouncing; said trustees shall pay to my said child for his or her maintenance, convenience and comfort from time to time such sums and amounts as they in their judgment may deem necessary for such purposes.

"a. They may refuse to pay any such sum or amount for any period of years or during the lifetime of such child, if they deem such payments unnecessary.

"b. I direct that said trustees shall buy or sell real estate or any other property and convey title thereto without authority of court, and in the same manner as if said property was their own absolutely.

"c. Six months after the death of such child, said trustees shall pay to his or her legal heirs, per stirpes, all money and property in their possession unexpended under this trust.

"d. The intention being to set up, under paragraph 4 hereof, a separate and distinct trust for each of my said children who may reject or renounce the provision for such

child in Paragraph 3 hereof or until he shall file an election to accept under Paragraph 3 hereof.

"Par. 5. I hereby nominate my son, Henry Read, to be the executor of this my last Will and Testament, without bonds."

None of testatrix' three children elected to take under paragraph 3. Hence each took under paragraph 4.

Plaintiff instituted the foreclosure suit in 1941. Testatrix' husband was then deceased. Among the parties to the foreclosure suit were her son Henry, as executor, her three children as trustees, and said three children and their spouses as individuals. An answer was filed, the cause was tried, foreclosure was adjudged and the property was sold under special execution. In May 1942 the year for redemption expired and sheriff's deed issued to plaintiff.

In 1943, by supplemental petition and amendment to original petition, plaintiff reopened the suit, brought in testatrix' eight grandchildren and the spouses of those who were married, and prayed they be adjudged to have no right of redemption and its title be quieted against them. See Lincoln JSL Bk. v. Rydberg, 234 Iowa 1143, 15 N. W. 2d 246; 155 A. L. R. 62, in which this procedure was held proper. These grandchildren were sons and daughters of Elbert A. Read, Dell Read Sunderland and Henry Read, testatrix' three children, who were named trustees and beneficiaries in her will. The grandchildren filed answers and cross-petitions asserting that, as remaindermen under testatrix' will, their right to redeem the land had not been extinguished because they had not been made parties to the original foreclosure proceedings. The trial court sustained motions to dismiss and strike these pleadings, holding the remainders were contingent and the remaindermen were not necessary parties to the foreclosure suit and were represented therein by the trustees and life beneficiaries. The grandchildren have appealed.

I. Division c of paragraph 4 of the will provides:

"Six months after the death of such child, said trustees shall pay to his or her legal heirs, per stirpes, all money and property in their possession unexpended under this trust."

Appellants contend this created vested remainders in them. The trial court held the remainders were contingent.

A description of remaindermen as "heirs" of a person not deceased tends to establish that a requirement for survival exists and is a condition precedent of such interest. Restatement of the Law, Property, section 249. Legal heirs are those who would take under the statute relative to intestate succession. In re Estate of Austin, 236 Iowa 945, 20 N. W. 2d 445, 162 A. L. R. 709; Putbrees v. James, 162 Iowa 618, 144 N. W. 607. Unless a contrary intent is found from additional language or circumstances a gift to the heirs of a designated person is to those who would take under the statute applied as of the death of the designated ancestor. Restatement of the Law, Property, sections 305, 308. Strictly speaking a living person cannot have an heir because his heirs cannot be ascertained until his death. Westcott v. Meeker, 144 Iowa 311, 122 N. W. 964, 29 L. R. A., N. S., 947; In re Estate of Austin, supra.

Appellants contend the term "legal heirs" was not here used in its strict technical sense but was equivalent to the word grandchildren. They cite Kalbach v. Clark, 133 Iowa 215, 110 N. W. 599, 12 L. R. A., N. S., 801, 12 Ann. Cas. 647. There testatrix' will gave a life estate to her daughter, remainder to the heirs of three sons and of the daughter. The daughter died. One son of testatrix outlived the daughter. A strict construction of the language would have invalidated the gift of the remainder to the heirs of this son and resulted in partial intestacy. In the Kalbach case and similar decisions, additional language or circumstances indicated the word "heirs" was not used in its technical sense. In re Estate of Austin, supra; Restatement of the Law, Property, section 305 and section 308, Comment i and Illustration 7. However, unless a contrary intent appears the term "heirs" will be construed technically. Hudnutt v. John Hancock Mut. L. Ins. Co., 224 Iowa 430, 438, 275 N. W. 581; Johnson v. Coler, 187 Iowa 734, 736, 174 N. W. 654; 69 C. J., Wills, 209, section 1242. Here neither the language of the will nor the circumstances establish such contrary intent. Hence "heirs" will be given its ordinary and technical meaning.

In a vested remainder "the estate is invariably fixed to remain to certain determinate persons." A remainder is con-

tingent "where the estate in remainder is limited to take effect either to a dubious or uncertain person or upon a dubious or uncertain event * * *." Fulton v. Fulton, 179 Iowa 948, 957, 162 N. W. 253, 256, L. R. A. 1918E, 1080. See, also, Skelton v. Cross, 222 Iowa 262, 268 N. W. 499, 109 A. L. R. 129.

In the case at bar the heirs of each of testatrix' children would be uncertain and unascertainable until the death of such child. Therefore, under the foregoing rules, the remainders were contingent at the time the mortgage was foreclosed. Most authorities support this reasoning and conclusion. The annotator's note in 131 A. L. R. 712, 721, states:

"Another common illustration of an interest made contingent by reason of uncertainty as to person or persons is afforded by a gift to the 'heirs' of a living person, the general rule being 'nemo est haeres viventis.' Thus, assuming that the word 'heirs' is used in its technical sense, and that the rule in Shelley's Case is not applicable, a remainder to the heirs of a life tenant is generally held to be contingent during the life tenancy." (Citing authorities.)

Among Iowa decisions are Westcott v. Meeker, 144 Iowa 311, 321, 322, 122 N. W. 964, 29 L. R. A., N. S., 947, and McNair v. Sockriter, 199 Iowa 1176, 1179, 1183, 201 N. W. 102. See, also, 14 Iowa L. Rev. 80 et seq.

II. The will authorized and directed the trustees to hold, invest and manage the trust property; to buy, sell and convey real estate and other property "as if said property was their own absolutely"; to pay such amounts for the support of the life beneficiaries as the trustees, in their discretion, should determine; and six months after the death of each life beneficiary to pay his heirs the unexpended money and property in the trust (there were separate trusts). Hence the trusts were active. Olsen v. Youngerman, 136 Iowa 404, 409, 113 N. W. 938; 54 Am. Jur., Trusts, sections 13, 14.

A trustee takes such an estate as is necessary to enable him to perform the trust. Restatement of the Law, Trusts, section 88; Meek v. Briggs, 87 Iowa 610, 54 N. W. 456, 43 Am. St. Rep. 410; Keck v. McKinstry, 206 Iowa 1121, 1127, 221

N. W. 851. Since the trust instrument authorized the trustees to sell the land in fee they took the legal title in fee, because to convey a fee the grantor must himself be the owner of a fee. Robinson v. Pierce, 118 Ala. 273, 24 So. 984, 986, 987, 45 L. R. A. 66, 72 Am. St. Rep. 160; Overton v. Wisconsin Tax Comm., 204 Wis. 614, 236 N. W. 526, 528; 54 Am. Jur., Trusts, section 98. The trust was executory as to all the beneficiaries contemplated, present and prospective. Taylor v. Brown, 112 Ga. 758, 38 S. E. 66.

Where, as here, the remaindermen are uncertain and unascertained the title abides in the trustee until they have been ascertained. 65 C. J., Trusts, 542, section 289. Cushman v. Coleman, 92 Ga. 772, 19 S. E. 46; Sherlock v. Thompson, 167 Iowa 1, 148 N. W. 1035, Ann. Cas. 1917A, 1216. Restatement of the Law, Property, section 312, Comment h, states:

"The duty of the trustee to convey at the termination of the estate for life is sufficient to extend the active duties of the trustee to the remainder. (See Restatement of Trusts, §69, Comment a, Illustration 2.)"

Appellants contend the trustees were trustees for the life beneficiaries only. This contention is contrary to the reasoning and conclusions of various authorities cited in the foregoing discussion. Restatement of the Law, Trusts, section 127, Comment c, disposes of the proposition as follows:

"In States in which the rule in Shelley's Case is not in force, if a beneficial interest is limited to a person other than the settlor for life and the remainder on his death is limited to his heirs or next of kin, his heirs or next of kin as well as the person himself are beneficiaries of the trust * * *."

See, also, Lewis v. Curnutt, 130 Iowa 423, 437, 438, 106 N. W. 914. We hold the trustees were trustees for the remaindermen as well as for the life beneficiaries.

III. Appellants pleaded the trustees never accepted the trust, never were appointed by the court and never filed bond. The record shows all the named trustees entered appearance as trustees in the original foreclosure proceedings and two of them filed answer as trustees. One of them, an attorney,

participated in the trial. Some provisions of the will are unusual. It gives the trustees the property in trust unless and until they elect to take it absolutely. Appellants pleaded the trustees did not so elect. There was no plea or contention that the trustees disclaimed or refused to act. The contention is that because of the failure of the named·trustees to give bond and qualify under the provisions of section 633.32, Code of Iowa, 1946, their acts as trustees were void.

In Reeder v. Reeder, 184 Iowa 1, 5, 168 N. W. 122, 124, which involved a testamentary trust similar to the one at bar the court stated a bond was not essential to the trusteeship although it might have been required: "The power to act as trustee does not come from the court, but is found in the instrument creating it; and we think it is found in this instrument." In the case at bar the trustees were all the surviving children of testatrix. The trust had existed for some years and it is not asserted the failure of the trustees to formally qualify was ever challenged. We conclude this failure would not invalidate their acts as trustees in appearing and defending in this case or vitiate the judgment as to their cestuis.

**** IV. "A person who is alive at the time of the commencement of a judicial proceeding is duly represented therein when (a) such person has a future interest as the beneficiary of a trust and the trustee of such trust is competent, under the rules of the law of trusts, to represent the beneficiary in this proceeding, and is duly joined as a party in such proceeding." Restatement of the Law, Property, section 181.

Were the trustees competent to represent appellants in the foreclosure action? 3 Bogert on Law of Trusts and Trustees (1946), section 593, states:

"The earlier equity rule was that the beneficiary was always a necessary party, but the present position of the courts is that the trustee may represent the cestui que trust in all actions relating to the trust, if rights of the cestui que trust as against the trustee, or the rights of the cestui que trust between themselves, are not brought into question. In other words, in all cases where there is no conflict of interest between cestui que trust and trustee, or between the several cestuis que

trust, the trustee may sue and be sued without joining the cestui que trust."

In 35 Michigan L. Rev. 648, 653, it is stated: "Unquestionably the trend of the courts is to extend the power of the trustee to represent the beneficiary." If the trustee represents the beneficiaries in all things relating to the trust, they are not necessary parties to a suit by or against him relating to the trust. Kerrison v. Stewart, 93 U. S. 155, 23 L. Ed. 843. See, also, Brach v. Moen, 8 Cir., Iowa, 4 F. 2d 786. The text in 30 C. J. S., Equity, section 145, pages 581, 582, states trusts are created for the very purpose of furnishing a representative for the cestui que trust and in many cases the trustees sufficiently represent their beneficiaries, either as plaintiffs or defendants, and the latter are not necessary parties. Some illustrative decisions are:

Collins v. Crawford, 214 Mo. 167, 112 S. W. 538, 543, 127 Am. St. Rep. 661, contingent remaindermen not necessary parties to partition suit in which trustee was a party; Benson v. Williams, 174 Or. 404, 149 P. 2d 549, 551, 552, contingent remainderman not necessary party to action against trustee and others for specific performance of decedent's alleged contract to devise real estate; Temple v. Scott, 143 Ill. 290, 32 N. E. 366—contingent remainderman—action to set aside trust deed; Green v. Grant, 143 Ill. 61, 32 N. E. 369, 18 L. R. A. 381, contingent remainderman—foreclosure; Scott v. Scott, 307 Ill. 586, 139 N. E. 70, 73, heirs of a living person—partition; Price v. Krasnoff, 60 S. C. 172, 38 S. E. 413, mortgage foreclosure; Cavers v. Sioux Oil & Refining Co., Tex. Com. App., 39 S. W. 2d 862, 866, suit to cancel trust conveyance as cloud upon title.

It should be said there is some apparent and some real conflict in decisions from various jurisdictions upon this proposition.

However, decisions of this court accord with what may be termed the present trend. In re Estate of Jackson, 198 Iowa 680, 200 N. W. 310, holds notice of an application by an administrator to sell real estate to pay debts need not be served on the beneficiary of a testamentary trust in the land when the

title to the trust lands is vested in a trustee, with unlimited discretion to sell.

Parkhill v. Doggett, 135 Iowa 113, 116, 112 N. W. 189; 190, was an action by a trustee of a testamentary trust to set aside a decree in a partition proceeding in which the trustee had not been made a party defendant. On the proposition whether Ethel Hutton, a beneficiary under the trust, had been served with such notice in the partition proceeding that the judgment against her could not be collaterally questioned, the court held: "as we find that the title to the land was in the trustee, she was not a necessary party."

In State ex rel. Kuble v. Bisignano, 238 Iowa 1060, 1067, 28 N. W. 2d 504, 508, a liquor nuisance was abated and enjoined and a mulct tax imposed on real estate held in trust for minors. No personal judgment was rendered against the minors. We there said:

"Only their equitable interest in the premises was involved. * * * The trustee represented the beneficiaries and defended in their behalf. They were not necessary parties. Had they not been made parties there would have been no defect. Jackson v. Tallmadge, 246 N. Y. 133, 158 N. E. 48."

In the instant case the trustees took title to the land burdened by the mortgage. Their duties and powers were broad, including authorization to dispose of the land. The remaindermen were unascertained. Their only interest was in so much of the trust assets as might be unexpended for the life beneficiaries. See Evans v. Wall, 159 Mass. 164, 34 N. E. 183, 38 Am. St. Rep. 406. There was no conflict of interest between beneficiaries or between beneficiaries and trustees. We conclude the trustees represented the contingent remaindermen in the foreclosure suit and appellants were not necessary parties to the action.

This conclusion renders unnecessary the determination of the contention appellants were represented by their respective parents, the life beneficiaries, under the doctrine of equitable or virtual representation. Some decisions and texts which consider this doctrine are: Mennig v. Graves, 211 Iowa 758, 761, 762, 234 N. W. 189; Harris v. Randolph, 213 Iowa 772, 236 N. W. 51; Restatement of the Law, Property, sections 181–184;

33 Am. Jur., Life Estates, Remainders, and Reversions, sections 179 to 186; 39 Am. Jur., Parties, section 51; 50 C. J. S., Judgments, section 776; 30 C. J. S., Equity, section 145. See, also, Rule 43, Rules of Civil Procedure.

■ V. Before sale of real estate upon execution under mortgage foreclosure a mortgagor has an equity of redemption. After such sale he has a right of redemption. This right of redemption is statutory and must be exercised within the time fixed by statute. Mayer v. Farmers Bank, 44 Iowa 212, 216; Paulsen v. Hanson, Iowa, 216 N. W. 762; Parker v. Dacres, 130 U. S. 43, 9 S. Ct. 433, 32 L. Ed. 848. Assuming appellants had a right of redemption it was merely the statutory right. McNutt v. Nuevo Land Co., 167 Cal. 459, 140 P. 6. We will hereinafter refer to the effect of the Federal Soldiers' and Sailors' Civil Relief Act of 1940 upon Iowa redemption statutes.

■ VI. Appellants assert that in the foreclosure·suit there was no compliance with some provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, 50 U. S. C. Appendix, section 501 et seq. One of the appellants was in the armed services at the time of the original foreclosure suit and for several years thereafter. Appellants state a continuance or stay of the original foreclosure suit would have been granted had application therefor been made. If appellants were entitled to a stay, the trustees, one of whom, an attorney, appeared for them in the trial, could have brought the matter to the attention of the court. Lynn Institution for Savings v. Taff, 314 Mass. 380, 50 N. E. 2d 203; John Hancock Mut. L. Ins. Co. v. Lester, 234 Mass. 559, 125 N. E. 594. Appellants may not now complain that their representatives did not do this.

■■ Another complaint is that the foreclosure sale violated provisions of the Act. As enacted in 1940, 50 U. S. C. Appendix, section 532(3), stated in part:

"No sale * * * under a power of sale, under a judgment entered upon warrant of attorney to confess judgment * * * shall be valid * * * unless upon an order [of sale] previously granted by the court * * *."

This subsection was broadened by the Amendments of 1942.

See Keller v. Rodie, 326 Ill. App. 37, 61 N. E. 2d 387. Some courts have held foreclosure proceedings a sufficient compliance with the amended provisions. Radich v. Bloomberg, 140 N. J. Eq. 289, 54 A. 2d 247, 249. However, the amendments enacted October 6, 1942 would not in any event retroactively affect this foreclosure sale which was had in May 1941. In re Meade, D. C. Mass., 60 F. Supp. 69; Ebert v. Poston, 266 U. S. 548, 45 S. Ct. 188, 69 L. Ed. 435. This foreclosure was by action in court and sale in compliance with section 654.1, Code of Iowa, 1946. The quoted subsection of the 1940 Federal Act did not apply to foreclosures by this method. Appellants rely upon Hoffman v. Charlestown Five Cents Sav. Bk., 231 Mass. 324, 121 N. E. 15. That was a foreclosure under power of sale contained in the mortgage. The Act of 1918 (which was similar to the Act of 1940) did apply to such foreclosures. See, also, John Hancock Mut. L. Ins. Co. v. Lester, supra. It is clear the foreclosure sale in the case at bar did not contravene the above-quoted provisions of section 532(3) of the 1940 Act.

As enacted in 1940, 50 U. S. C. Appendix, section 525, extended the period of time in which actions could be brought against and by persons in the military service. The 1942 Amendments to the Act broadened the scope of this section to include extensions of the period for the redemption of real property sold to enforce any obligation, etc.

In a previous division of this opinion we stated the right of redemption is statutory. In the language of Illinois Nat. Bk. v. Gwinn, 390 Ill. 345, 354, 356, 61 N. E. 2d 249, 254, 255, 159 A. L. R. 468, 474, 475:

"This provision of the Federal statute must be regarded as written into our own statutes of redemption and, in effect, amending such statutes by giving additional time for redemption in certain cases."

The Gwinn case was an action to foreclose a mortgage upon trust property. The instrument provided for a remainder in trust to heirs of grantor's body. The decision states until grantor's death those persons could not be determined and the remainder until then was contingent, but upon such death, prior to the bringing of the foreclosure suit, the remainder vested

in the service man, appellee Elmer Ellsworth Gwinn, Jr., as cestui que trust; that the service man as beneficiary was the equitable owner of the equity of redemption and properly made a party defendant to the foreclosure proceedings, together with the trustee. The decision then refers to "cases holding that, in actions involving trusts, the contingent interests of beneficiaries are represented by the trustee, and such beneficiaries are neither necessary nor proper parties to the suit. These principles can have no application to the present case for the important reason that appellee Elmer Ellsworth Gwinn, Jr., was not the owner of a mere expectancy or future contingent interest, but was the owner of a vested estate in the mortgaged property."

We have referred to the Gwinn case at some length because it considers several propositions involved in the case at bar. However, in the Gwinn case the Amendments of 1942 to section 525 took effect prior to the expiration of the period of redemption. These amendments were of no effect in the case at bar because they were enacted after the period of redemption had expired. Section 525 as enacted in 1940 did not provide for extensions of the period of redemption and therefore is of no avail to appellants.

VII. Appellants pleaded an estoppel based upon the premise plaintiff's petition in the foreclosure suit alleged the trustees did not represent appellants' interest in the property. Although the language of the petition may not be technically perfect we conclude it is not fairly open to the suggested construction.

Appellants refer also to section 557.9, Code of 1946 (section 10048, Code of 1939) entitled: Defeating expectant estate. This section and Code sections 557.7 and 557.8 have been called the Iowa Contingent Remainder Act. It has been said statutes of this character merely declare the complete absence of the old English doctrine of destructibility. See Restatement of the Law, Property, section 240; 10 Iowa L. Bull. 90, 116, 314. They do not interfere with the foreclosure of existing mortgages of the fee simple estate.

The orders of the trial court were not erroneous.—Affirmed.

All JUSTICES concur.