PETER J. PARISH et al., Appellees, v. WILLIAM M. WELTON, Appellant.

**WILLS:** Construction—Designation of Devisee—"Children." A devise to the effect that certain property be divided among *"all my children equally"* does not embrace grandchildren of the testator. *Where a devise or bequest is to a class named in the will, the members of the class are, prima facie, to be determined at the time of the death of the testator.*

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

DECEMBER 15, 1922.

ACTION to quiet title to certain real estate. By cross-petition, the defendant seeks to establish an interest in said real estate. The question involved in the case is the construction of a will. The facts appear in the opinion.—*Affirmed.*

*W. H. Killpack* and *Robertson & Robertson,* for appellant.

*Kimball, Peterson, Smith & Peterson,* for appellees.

FAVILLE, J.—One Elida Parish was a resident of Pottawattamie County, Iowa. He was the father of eleven children, all of whom grew to maturity and married and had children of their own. On or about January 7, 1915, said Parish executed his last will and testament. He wrote the same with his own hand. Omitting the formal parts, the said will is as follows:

"First, I give to my wife, Jane T. Parish the SW¼ of SW¼ of Section 3, and the SE¼ of SE¼ of Section 4, all in Township 76, Range 43, all in Pottawattamie County, Iowa, and the house and Lot 14 in Block 1 in John Johnson's Addition to the city of Council Bluffs, Iowa, with all my money and personable property after my funeral and my debts is paid to have at my death at my wife Jane T. Parish death all the above property shall be devided up with all my children eaquealy.

The above will consists of two sheets written by Elida Parish. Second: At my death the remander of my real estate must be deivded up eaqualy with all my children described as follows the NW¼ of the NW¼ of Section 10 and the NE¼ of NE¼ of Section 9 and the SW¼ of the SE¼ of Section 4, all in Township 76, Range 43, Pottawattamie County, Iowa."

At the time of the execution of said will, three of the testator's children were deceased. The appellees in said action are the eight surviving children of said testator and the children of two of said deceased children. The appellant is the son of one of the said deceased children. The testator died September 13, 1919.

It is the contention of the appellant that, under the terms and provisions of the will of the said testator, he is entitled to share in the estate of the decedent equally with the children of the testator who were living at the time of the making of the will and also at the time of the death of the testator. To put it another way, the question in the case is whether or not, by the terms of the will, the estate of the testator was to be divided into eleven parts, according to the number of children born to the testator, or into eight parts, according to the number of children who were living at the time the will was drawn and at the time of the death of the testator. The two clauses in the will which are the subject of controversy are as follows:

"At my wife Jane T. Parish death all the above property shall be devided up with all my children eaqualy," and the further provision, "at my death the remander of my real estate must be deivded up eaqualy with all my children."

The case was determined on a demurrer, and no evidence was offered bearing upon the intent of the testator. It must be drawn solely from the instrument itself. Appellant lays great stress upon the use by the testator of the words "all my children eaqualy," as indicating an intent on the part of the testator that the estate was to be divided into eleven shares, representing *all* of testator's children, and that appellant, as the child of one of said deceased children, is entitled to participate in one of said shares.

The question now under consideration was before us in the case of *In re Will of Nicholson,* 115 Iowa 493. In that case, the

provision of the will was, "I give and bequeath the balance of my property to be divided equally between all my nephews and nieces." A grandnephew of the deceased's claimed that he was entitled to take the share which his deceased mother would have received, had she outlived the testator. Mr. Justice Deemer, in writing the opinion in that case, made a careful and extensive review of the authorities, and it is unnecessary that we repeat at this time what was said in that opinion. The will speaks from the day of testator's death. Where the devise or bequest is to a class named in the will, the members of the class are *prima facie* to be determined upon the death of the testator. If a contrary intent is manifest in the will, such intent will be adopted and enforced; but where no contrary intent appears, the members of the class are to be determined according to the designation of the class as made by the testator. In the *Nicholson* case, we also discussed what is now Code Section 3281, which provides that, if a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest, and held that said statute did not apply in that case.

Counsel for appellant apparently concede that, unless we are to overrule the *Nicholson* case, it is conclusive of the appellant's right to participate in the estate of the testator. It is urged, however, that, in our decision in *Anderson v. Wilson,* 155 Iowa 415, "the court has laid the foundation for a departure from the injustice and inequitable doctrine to which the *Nicholson* case inevitably leads, if it is to be followed as an inflexible rule;" and it is urged that we should not now follow the *Nicholson* case.

*Anderson v. Wilson,* supra, reviewed the decision in *In re Will of Nicholson,* supra. In the *Anderson* case, the will provided that, on the death of the life tenant, "said property, or the proceeds thereof, in case it has been sold, shall go, a one-half interest to my sister, Sarah E. Leo, and the other one-half interest to my brothers of the half blood equally, and in case any are then deceased, his share shall go to his children equally." The residuary clause provided that the residue of the estate "shall be divided equally between my brothers and sister of the full and half blood equally; but if any be then de-

ceased, such share shall go to his or her children equally.'' The question presented was whether the son of a predeceased half brother of the testator's was a devisee under the will. We held that the son of the deceased half brother was within the literal description of the beneficiaries of the will. We enforced the clause as written in the will, ''in case any are then deceased, his share shall go to his children equally,'' and held that by class description the said party was designated as precisely and definitely as the testator designated any of his heirs of the half blood. The two cases are not inconsistent.

In the instant case, the testator, at the time of drawing his will, knew of the conditions with which he was dealing; that at said time three of his children were deceased; and that they had left children surviving them who were the grandchildren of the testator. Knowing this situation, he drew the will providing for his property to be divided equally among all of his children. He designated his ''children'' as the class which should be the beneficiaries of his will. He made no provision that the children of any of the deceased children should participate. He made no provision that any of his grandchildren should participate. The property was to be divided equally among all of his ''children.''

We cannot extend the word ''children'' to include grandchildren, any more than in the *Nicholson* case could we extend the word ''nephews'' to include grandnephews. It is undoubtedly true that the word ''children'' may, in some instances, be construed to include grandchildren, where it is evident from the context of the will that such was the plain intent of the testator. *Bowker v. Bowker,* 148 Mass. 198, (19 N. E. 213). But such a situation does not confront us here, for there is nothing in the context of the will to indicate that the intent of the testator was to include grandchildren in the term ''children.'' The general rule is that the word ''children,'' when used in wills, is to be understood and construed in its primary sense, and always so where there are persons in existence answering such meaning of the word. Under such circumstances, the word ''children'' does not include grandchildren or any others than the immediate descendants of the ancestor of the first degree. *Yates v. Shern,* 84 Minn. 161, 166 (86 N. W. 1004); *Palmer v.*

*Horn,* 84 N. Y. 516; *Mowatt v. Carow,* 7 Paige (N. Y.) 328; *Carpenter v. Perkins,* 83 Conn. 11 (74 Atl. 1062); *Thomas v. Levering,* 73 Md. 451 (21 Atl. 367); *In re Long's Estate,* 228 Pa. St. 594 (77 Atl. 924).

Much emphasis is placed by appellant upon the word "all," used by the testator in designating the class. The same language was used by the testator in the will under consideration in the *Nicholson* case. The evident purpose and intent of the testator were to make it clear that, without specifying his children by name, all of his children were to share in his property equally. This, however, was a mere designation of a specific class readily ascertainable, and does not evidence an intent on the part of the testator to include grandchildren as members of a class designated as "children." We would not only be required to overrule the *Nicholson* case, but to announce a rule contrary to the great weight of authority, if we were to construe this will as including any other than the children of the testator who are his immediate descendants of the first degree.

The lower court properly construed the will of the testator, and the decree appealed from must be, and the same is,— *Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.