VERN W. REDINBAUGH, Appellee, v. W. E. REDINBAUGH et al., Appellees; BRUCE REDINBAUGH, Appellant.

**WILLS:** Construction—Designation of Devisees. A devise of a life estate, with remainder, on the death of the life tenant, to the "children" of the life tenant, does not embrace the grandchild of the life tenant.

**Headnote 1:** 40 Cyc. pp. 1448, 1478, 1939.

*Appeal from Harrison District Court.*—O. D. WHEELER, Judge.

APRIL 7, 1925.

SUIT in equity, for partition of lands. The respective shares of the parties depend for determination upon the construction of the will of one Edwin E. Ervin. From the decree entered by the trial court, the defendant Bruce Redinbaugh alone appeals.— *Affirmed.*

*Bolter & Murray,* for appellant.

*Robertson & Havens,* for plaintiff and intervener, appellees.

*P. E. Roadifer* and *L. W. Fallon,* for W. E. Redinbaugh, Hallie Redinbaugh, Caroline Redinbaugh, and Catherine Redinbaugh, appellees.

EVANS, J.—A substantial portion of the lands involved in this suit came to the parties hereto through the will of Edwin

Ervin. The controversy is over the construction of such will. Ervin died testate in 1913. By his will he gave to his wife, Catherine, a life estate in the lands here involved. The third paragraph of the will provided further as follows:

"Third: At the death of my wife or at my death should she not survive me I give and bequeath all of my property real and personal of every kind and nature to my only child, Mary Ellen Redinbaugh for her sole use and benefit during the term of her natural life except and reserving the sum of one thousand dollars which I hereby bequeath to her husband, John Redinbaugh, and at her death I direct that my property then remaining shall be divided among her children share and share alike."

Both the wife, Catherine, and the daughter, Mary Ellen Redinbaugh, survived the testator. Two of the children of Mary Ellen Redinbaugh also survived the testator, and likewise survived both the life tenants. The wife, Catherine, died in 1921. Her daughter, Mary Ellen Redinbaugh, predeceased her, in 1917. The two children of Mary Ellen Redinbaugh still surviving were W. E. Redinbaugh and Clay Redinbaugh. Subsequently, Clay Redinbaugh died; but no controversy is presented to us concerning the disposition of his share in the lands.

The fact out of which the controversy arises is that, on and prior to the year 1908, Mary Ellen Redinbaugh had *three* sons, one of whom, Charles Redinbaugh, died in 1908, leaving Bruce Redinbaugh as his only heir. The will of Edwin E. Ervin was executed in 1901, at which time there were in existence the three sons of Mary Ellen Redinbaugh. The contention put forward by Bruce Redinbaugh is that, under the terms of the will as then executed, his father, Charles Redinbaugh, was a devisee therein; and that, by reason of the death of Charles Redinbaugh prior to the death of the testator, the share which would otherwise have gone to Charles, if he had survived, would go to his son, Bruce, under the provisions of Code Section 3281, Code of 1897. The point thus made cannot be sustained. The purpose of Section 3281 is to prevent intestacy. No question of intestacy is involved here. Charles Redinbaugh was not, in fact, a devisee in the will, in any other sense than that he might become such if he survived. The question involved is squarely passed on in our recent case of *Parish v. Welton*, 194 Iowa 1274.

It was likewise passed on, so far as the application of the statute is concerned, in *Downing v. Nicholson,* 115 Iowa 493.

We hold, therefore, that the two surviving children of Mary Ellen Redinbaugh took the remainder under the will of Edwin E. Ervin. Whether such remainder vested at the death of the testator, or only at the death of the life tenant, we have no occasion to consider, inasmuch as these two sons survived both the testator and the two life tenants. The trial court properly held that Bruce Redinbaugh took nothing under the will of Edwin E. Ervin.

The decree entered below is, accordingly, affirmed.—*Affirmed.*

FAVILLE, C. J., and ARTHUR and ALBERT, JJ., concur.