## IN RE ESTATE OF JAMES CARTER.

**WILLS:** Construction—Designating Devisees—Devise to Class and Individuals Thereof. A devise to a *class* of persons lapses as to all devisees who die prior to the testator; but when the devise is to a *class* and the persons in that class are *individually named*, the devise is presumptively a devise to each individual, and the death of a devisee prior to the death of testator does not cause that devise to lapse; and a proviso that the devise shall be held *jointly* does not overthrow said presumption.

Headnote 1:  40 Cyc. pp. 1474, 1475.

Headnote 1:  28 R. C. L. 266.

*Appeal from Jones District Court.*—F. O. ELLISON, Judge.

### APRIL 5, 1927.

Application for the construction of a will. From a judgment construing the will as contended by the applicant, Charles E. Blayney appeals.—*Reversed.*

*James E. Remley,* for appellant.

*Clifford B. Paul* and *George C. Gorman,* for appellees.

ALBERT, J.—James Carter was the father of seven children, among whom was a daughter named Olive. She was married to Charles E. Blayney, appellant herein. They were the parents of three children: Jessie (who subsequently married one Scott), Edgar E., and Gladys Blayney. It is with Olive and her children that we are principally concerned. Olive was dead, at the time of the making of the will in controversy herein. The daughter Gladys died after the will was made, but before the

testator. She never married, and died without issue. Her father, appellant herein, claims her share. On the 20th day of March, 1914, James Carter executed his last will and testament. The material part thereof, so far as this controversy is concerned, is as follows:

"(2) To Jessie Scott, Edgar E. Blayney and Gladys Blayney, children of my deceased daughter, Olive Blayney, I direct that the one full equal share of my estate, the same as to my children, shall be given to be held by them jointly.

"(3) I direct that the sum of $24,000 now available from the proceeds of all of my real estate shall be divided into six equal shares and divided as follows: To the three heirs of Mary Olive Blayney, as above set out, one share; to Ida E. Stivers, my daughter, one share; to William F. Carter, son, one share; to Melissa Ballou, daughter, one share; to Barbara Ann Gordon, daughter, one share; to Rose Florence Starry, daughter, one share.

"(4) All of the rest, residue and remainder of my estate shall be and constitute a fund for the care of myself and wife as long as the survivor shall live, and at the death of both myself and wife, all the residue if any remaining shall go equally to the parties above named in the same proportion as set out, except that Nathan Carter shall share therein making said residue to be divided into seven parts instead of six as above set out. As I had already advanced four thousand dollars to my son Nathan Carter, he is to share only in the residue herein specified."

The controversy herein arises because of the death of Gladys Blayney before that of her grandfather, James Carter. As suggested above, her father, Charles E. Blayney, insists that he is entitled to the share bequeathed to Gladys Blayney, because he was her only surviving parent, and she died without issue. His opponent contends that, because of her having predeceased her grandfather, the share given to her under the terms of the will lapsed, and therefore her father, Charles E., took nothing.

It is the claim of appellant that, under the terms of this will, the bequest provided for the children of Olive Blayney was a gift to a class, and therefore, since Olive E. Blayney was not alive at the time of the death of her grandfather, neither she nor her heirs took anything under the terms of the will.

We have settled the rule in Iowa that, where the gift is to a class, without naming them, only those of the class who are living at the decease of the testator take under the terms of the will. This doctrine was elaborately discussed in the case of *In the Matter of the Will of Nicholson,* 115 Iowa 493. This rule has been followed in *Parish v. Welton,* 194 Iowa 1274; *Redinbaugh v. Redinbaugh,* 199 Iowa 1053. In the *Nicholson* case, the will read: "The balance of my property to be divided equally between all my nephews and nieces." In the *Parish* case the will read: "The above property shall be divided up with all my children equally." In the *Redinbaugh* case the will read: "I direct that my property then remaining shall be divided among her children share and share alike." The question is whether or not the case at bar is controlled by the above pronouncements of this court, they being the rules of construction adopted and followed in this jurisdiction.

It goes without saying that the real question to be determined in all cases of construction of wills is, What was the intent of the testator? It seems to be equally well settled that, where the beneficiaries are designated by name, it *prima facie* indicates an intention to give to them only as individuals. 28 Ruling Case Law 262. Where legatees are named as individuals, and also described as a class, and there is nothing more to show the testator's intention, the construction is that the gift by name constitutes a gift to the individual, to which class description is added by way of identification. *In re Estate of Murphy,* 157 Cal. 63 (106 Pac. 230); *Carter v. Carter,* 234 Ill. 507 (85 N. E. 292); *Peck v. Peck,* 76 Wash. 548 (137 Pac. 137). The court attaches great importance to the designation of the devisees severally by name, and a provision that they shall share the gift in a fixed and definite proportion. *Moffett v. Elmendorf,* 152 N. Y. 475 (46 N. E. 845); *In re Estate of Murphy,* supra.

We do not lose sight of the fact that this question has not been squarely passed upon by this court in any prior opinion, nor of the fact that among the decisions of our sister states there is some conflict on this question; but we think the rule here adopted is the more reasonable rule. Of course, this rule of construction would not apply if from the other parts of the will it could be found that the intention of the testator was otherwise. But in the instant case the bequest is made specifically to

the named individuals, and in our opinion, the reference therein describing them as "children of my deceased daughter" is purely a matter of description and identification.

In Page on Wills, Section 543, it is said:

"Where there is a gift to a number of persons who are indicated by name, and also further described by reference to the class to which they belong, the gift is held *prima facie* to be a distributive gift, and not a gift to a class."

In such cases, if one of the beneficiaries dies before the testator, there is therefore no right of survivorship to the other named beneficiaries.

Except as to a matter hereinafter referred to, it is not contended that there are any other provisions of the will bearing on this subject, and therefore it is our conclusion that, although Gladys predeceased her grandfather, this fact is not controlling in the case before us.

It is insisted, however, that, because the bequest in the will, after naming these parties, says that the bequest is "to be held by them jointly," this indicates an intention on the part of the testator that only those are to take who are living at the time of his death. With this we cannot agree. In *Mustain v. Gardner,* 203 Ill. 284 (67 N. E. 779), it is said:

"The word 'jointly,' found in the devise, cannot be accepted as sufficient to show, clearly and explicitly, that the testator intended that the estate devised should possess the attribute of survivorship."

This doctrine of survivorship is not recognized in Iowa, especially as to personal property. *Fleming, v. Fleming,* 194 Iowa 71. A devise in a will "for their joint use and benefit" is a tenancy in common, and not a joint tenancy. *Hart v. Hart,* 201 Mich. 207 (167 N. W. 337).

It is our conclusion that the share given to Gladys by this will did not lapse by her death, and that, under Section 11861, Code of 1924, the heirs of Gladys took the share that was devised to her under the will of her grandfather. Section 11861 reads as follows:

"If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest."

There being no dispute that Gladys Blayney died without

issue; and that she had no spouse, under Section 12017, Code of 1924, the property would pass to her parents. But under Section 12024, the mother being dead, the surviving parent, the father, would take the share given to Gladys under the will.

The district court having been of the opposite opinion to that herein expressed, it must result in a reversal of the case.—*Reversed.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.