GUSTAV FRIEDERICHS et al., Appellees, v. HERMAN FRIEDERICHS et al., Appellees; REBECCA GRAFE et al., Appellants.

MARCH 6, 1928.

*F. J. McGreevy*, for appellants.

*Peisen & Soper*, for plaintiffs, appellees.

*Mercer & Mercer*, for defendants, appellees.

STEVENS, C. J.—This is an action in partition of the real property of the estate of Frank Asmussen, who died testate in Hardin County, on December 6, 1905, survived by Margaret  Asmussen, his widow, Fritz, a brother, and Katherina, a sister. The will of the testator devised to Margaret Asmussen a one-half interest in fee in and to all of his real estate in Hardin County, and a life estate in all of it. The remainder was devised as follows:

"After the decease of my beloved wife the remaining one half of my real estate I give to my brothers and sisters William

Asmussen, Fritz Asmussen, Mary Asmussen and Katherina Asmussen, share and share alike.''

William and Mary Asmussen died before the will was executed. All of the appellants except Chris and William Fry are the children of Dora Kaster, a deceased daughter of Mary Asmussen's. Chris Fry is the surviving husband of a deceased daughter of Dora's, and William is the sole surviving issue of that marriage.

The court held that the devise to William and Mary Asmussen lapsed, and that the one-half interest in the real estate devised to the brothers and sisters passed absolutely to the surviving members. The proportion, if any, which each of appellants is entitled to share in the estate is not in dispute.

It is the law in this and most other jurisdictions that, unless a contrary intent is indicated by the will, a devise to a class includes only such members thereof as are living at the time of the testator's death, when the will takes effect.  *Downing v. Nicholson*, 115 Iowa 493; *Parish v. Welton*, 194 Iowa 1274; *In re Estate of Carter*, 203 Iowa 603.

It will be observed that the present devise, which was to the brothers and sisters of the testator, identifies them by their respective names, and the question for decision, therefore, is: Does the language of the will manifest an intention on the part of the testator that the devise to the deceased brother and sister should lapse, and that the entire one-half interest in the real estate should vest in the surviving members of the class? The statute, Section 3281, Code of 1897 (Section 11861, Code of 1927), provides that:

''If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest.''

Although appellees have filed no brief, counsel appeared and made oral argument on the submission of the case. We shall not attempt, from memory, to make an accurate statement of appellees' contention, but reliance is placed by them on *Downing v. Nicholson*, supra. Just what there is in the language of the present will to indicate that it was the intention of the testator that the heirs of William and Mary Asmussen, who are specifically designated as devisees, and who are members of the class

indicated, should not take thereunder, is not clear. The testator knew, at the time of the execution of the will, that Mary was deceased; but it is not certain that he knew that William, who had not been heard from for some time, was not living. *Downing v. Nicholson* affords little, if any, support to the claims of appellees. All that is held in that case was that the devise there considered, which was to nephews and nieces, without naming or otherwise indicating them individually, did not include a grandnephew, who was not a member of the class, and that his ancestor, who was a member, took no share which he could not take under the statute, as an heir of the deceased member of the class. The general rule therein stated, which is fully recognized by the authorities cited herein, is not in conflict with the contention of appellants. The holding in *Downing v. Nicholson* was discussed and reaffirmed in the recent case of *Parish v. Welton*, supra, so that there is no disposition on the part of the court to recede in any respect therefrom. It must be presumed that the testator had some purpose in naming Mary Asmussen, whom he knew to be dead, as a beneficiary in his will. The intention to devise the designated portion of his estate to his brothers and sisters in equal shares is too clearly manifest to admit of controversy. Under the statute, the devise would lapse only if the instrument, by its terms, in some way indicated an intention that the terms and provisions of the statute should not apply. The identical question involved in this appeal was before us and decided in the recent case of *In re Estate of Carter*, 203 Iowa 603. Full recognition of the rule established in the *Downing* case is made in the *Carter* case, and the distinction between a devise to a class merely, and a devise to a class which names the individuals composing the same, was clearly and distinctly pointed out. We there held, in harmony with what we believe to be the weight of authority, that:

" 'Where there is a gift to a number of persons who are indicated by name, and also further described by reference to the class to which they belong, the gift is held *prima facie* to be a distributive gift, and not a gift to a class' " (citing Page on Wills, Section 543, and numerous other authorities).

Indeed, this distinction is recognized in the *Downing* case, wherein it is said that:

"If a deceased beneficiary is specifically named in the will,

this, perhaps, is a sufficient indication that the testator intended his heirs to take, under the statute before quoted, as substitutional or representative devisees. But where the gift is to a class of which there are many members, it is reasonable to suppose that the testator had in mind only those of that class who were living at the time he made his will.''

It is true that, in some of the cases examined by us from other jurisdictions, the member of the class deceased when the will took effect was living at the time the will was executed. None of the cases, however, to which our attention has been called give significance to this fact. The following cases from other jurisdictions fully support the rule announced in the *Carter* case: *In re Estate of Hutton*, 106 Wash. 578 (180 Pac. 882); *Lee v. Lee*, 88 Conn. 404 (91 Atl. 269); *Pimel v. Betjemann*, 183 N. Y. 194 (76 N. E. 157); *Wildberger v. Cheek's Exr.*, 94 Va. 517 (27 S. E. 441). See, also, *In re Will of Turner*, 208 N. Y. 261 (101 N. E. 905).

We find nothing in the will to indicate that the testator did not intend that the share which would otherwise have gone to Mary Asmussen should pass under the statute to her heirs; and, in the absence of such contrary intention, the devise to her did not lapse, but passed to her heirs, represented on this appeal by appellants.

It follows that the judgment and decree of the court below must be reversed. The cause will, therefore, be remanded to the district court for decree in harmony with this opinion.—*Reversed and remanded.*

EVANS, FAVILLE, KINDIG, and WAGNER, JJ., concur.