IN RE ESTATE OF WILLIAM KUBBERNUS.

LEROY RAMER et al., Plaintiffs, Appellants, v. FRED B. MEIER, Administrator, Appellee.

No. 44161.

FEBRUARY 15, 1938.

 ██ 

Roy L. Pell, for appellants.

E. M. S. McLaughlin and Cunningham & Brierly, for appellee.

HAMILTON, J.—William Kubbernus died testate, a resident of Jasper County, Iowa, on April 12, 1936. His will was duly admitted to probate. After the first paragraph of the will providing for the payment of his debts, the funeral expenses and costs of administering his estate, there follow in the next succeeding five paragraphs certain specific bequests. The residuary devise is found in the seventh paragraph which contains the clause in dispute, which paragraph reads as follows:

"Seventh. I devise and bequeath all my estate real and personal whatsoever, not hereby or by any codicil hereto otherwise specifically disposed of, after payment of my debts, funeral and testamentary expenses, and the legacies bequeathed hereby or by any codicil hereto, unto those of the following named persons who are living at my death, to-wit: my nieces, Mary Bell, Anna Nolin, Lena McCuen and Emma Nolin and my cousins, Fred B. Meier, Lena Ramer, Mary Elizabeth Mace, and Dora Dannen, absolutely, share and share alike."

Lena Ramer, named as beneficiary, was deceased, and this fact was known to the testator at the time he executed his will. Petitioners are the heirs at law of said Lena Ramer, and it is their contention that because of the fact that the testator knew Lena Ramer was deceased, and included her name among his beneficiaries, the words, "unto those of the following named persons who are living at my death" should be disregarded as being inconsistent and repugnant to the latter portion of the paragraph.

We can probably best present appellants' theory by the following excerpt from their argument:

"It is probably true that upon the face of the will—item 7th, there is no uncertainty or ambiguity, but, as the truth is that Lena Ramer had been dead for more than three years and testator knew that fact when he made the will there arises, upon that fact being made to appear, a latent ambiguity. This ambiguity and inconsistency must be explained and the intention of the testator given effect. A careful examination of the authorities fails to reveal any Iowa decisions construing a clause of a will, similar to this one. The testator provided—'unto those who are living at my death'—and knowing Lena Ramer to be dead, named Lena Ramer, as one of the beneficiaries. If the testator had left this clause out of his will and named Lena Ramer, knowing her to be dead, the petitioners would be entitled to inherit under the authorities—Friederichs v. Friederichs, 205 Iowa 505, 218 N. W. 271, and In re Carter Estate, 203 Iowa 603, 213 N. W. 392."

Appellants concede that "if Lena Ramer had been alive and died after the making of the will but before testator's death, * * * the clause would be controlling and the heirs of the deceased devisee would not inherit." This concession places the appellants in a position of claiming more for the deceased beneficiary than is granted to those in the same class living at the time of the death of the testator. The right to take of any of the beneficiaries named in this residuary clause depended upon their being alive at the time of the death of the testator. This is the plain language of the will and must govern. It is a rather unusual procedure to include the name of one who is deceased among other beneficiaries who are living at the time the will is executed, when this fact is known to the testator. Nevertheless, the language of the will must govern, and there is nothing to indicate that the testator intended to single out Lena Ramer and place her in any different situation than the others named along with her in this paragraph of the will. The devise is unto those named persons who are living at his death, and neither Lena Ramer nor any of the others named would take unless they survived the testator.

We think this is too plain to warrant any extended argument or debate concerning the matter. We know of no rule

of construction that would warrant the court in disregarding the plainly expressed intention of the testator, that his residuary estate should go to those of his named residuary beneficiaries who might be living at the time of his death, notwithstanding the fact that testator knew at the time he executed the will that one of those included was already deceased. The rule which applies to repugnant or irreconcilable clauses or provisions in a will and which under such circumstances permits the last expression to prevail is not applicable. We have here only one clause, a paragraph composed of one sentence, and we fail to see any irreconcilability. Appellants seek to have the court delete and disregard the language, "unto those of the following named persons who are living at my death," which, if taken out of the sentence will leave it incomplete, and would give to the seventh paragraph of the will a meaning entirely foreign to the expressed intent of the testator, namely, that the residuary estate should go to the survivors of the list of named beneficiaries contained in this paragraph, and not to the heirs of any which might be deceased.

We are satisfied the trial court was right in denying the petitioners' prayer, and in dismissing the petition at their costs, and the case is accordingly affirmed.—Affirmed.

STIGER, C. J., and all Justices concur.