IN RE ESTATE OF FANNIE FRENCH.

No. 47702.

(Reported in 44 N.W.2d 706)

November 14, 1950.

Rehearing Denied January 12, 1951.

Brody, Charlton, Parker & Roberts, of Des Moines, and Hirschburg & Reynolds, of Ames, for Henry Martin, appellant.

Oliver J. Reeve and Burton E. Sweet, both of Waverly, for Harry W. Reeve, Oliver J. Reeve, Glen Reeve, June Reeve Shire, Mary Ellen Reeve and Genevieve Schwartz, appellees.

Life & Davis, of Oskaloosa, for Blossom Reeve Newman, appellee.

Mantz, J.—Henry Martin, nominated executor in an instrument purporting to be the last will and testament of Fannie French, sought to have the same probated. Various of her heirs-at-law objected, alleging that she was mentally incompetent to make a will and that the same was the result of undue influence exercised over her by the proponent and the beneficiaries. They and such beneficiaries asked that the nominated executor be enjoined and restrained from contesting the objections and from proceeding to probate said alleged will. The court found for the objectors, enjoined further proceedings by the nominated executor and he appeals.

I. The action is in probate. There was no evidence offered or received. The trial court in considering the questions presented had before it the probate files, including the proffered will, the objections filed thereto, the answer to said objections by certain beneficiaries, the application of said heirs-at-law and beneficiaries named in said will, the answer of the nominated executor, Henry Martin, and the resistance thereto filed by certain of the objectors.

From these and certain admissions in the printed briefs, we summarize various matters connected with the proceedings and the issues to be considered.

II.  Fannie French, a resident of Polk County, Iowa, died September 4, 1949. On September 12, 1949, an instrument purporting to be her last will and testament, dated June 14, 1949, was filed in the office of the Clerk of the District Court of Polk County, Iowa, by Henry Martin, who was nominated in said instrument as executor and trustee. He offered it for probate. Hearing was fixed for October 10, 1949, and the statutory notice given. On October 3, 1949, Harry W. Reeve and the other heirs-at-law filed objections to the probate of said instrument, alleging mental incompetency on the part of Fannie French at the time of its execution; also, undue influence exerted over her by certain proponents and beneficiaries. On October 10, 1949, certain beneficiaries named in said instrument filed answer admitting the objections filed by the heirs-at-law. On November 26, 1949, all of the heirs-at-law of Fannie French and all of the beneficiaries specifically named in her will joined in an application wherein they asked the court to issue an order restraining Henry Martin, the executor named in the Fannie French will, from proceeding further in the probating of the will, or from making any resistance to the objections filed to said instrument; also, asking for equitable relief.

As grounds for such relief the heirs-at-law and beneficiaries under the will of Fannie French reaffirmed the allegations that at the time the said Fannie French executed her will she was mentally incompetent and that said will was the result of undue influence of the proponent and the beneficiaries named therein; that all of such heirs-at-law and beneficiaries were objecting to the probate of such will and further that no other parties are interested in admitting the will to probate; that the nominated executor, Henry Martin, has employed counsel to contest said objections and is incurring expenses thereby which will be a charge against the estate; that he has no personal interest therein and is acting for his own selfish interests, all contrary to the wishes of the heirs-at-law of decedent and the beneficiaries under her will; that Henry Martin has no standing in court and no

beneficial interest and could not resist the contest of said will at the expense of the estate; that said Henry Martin is not acting in good faith and is proceeding for his own desire for personal gain and is simply stirring up litigation.

The parties to said application prayed that the court enter its order preventing and enjoining the said Henry Martin from incurring costs, expenses and attorney fees, and involving said estate in litigation and from resisting the objections made to said alleged will and they asked judgment against said Henry Martin for costs of the proceedings.

On December 16, 1949, the said Henry Martin filed answer resisting the application to prevent him as nominated executor from making resistance to the objections filed thereto and from in any manner proceeding to probate the will of Fannie French.

In his answer to said application he denied specifically the affirmative allegations thereof. He alleged that he was performing his statutory duty in attempting to probate such will; that he was acting in good faith and without selfish motives in order to probate the will of Fannie French to hold the property in trust according to the terms of her will as provided therein. He specifically denied that the answering beneficiaries were all of the beneficiaries named in said purported will of Fannie French. He further alleged that the acts of the heirs-at-law of Fannie French and the beneficiaries named in her will were prejudicial to the rights of the ultimate beneficiaries and were against public policy. He asked that such application be denied.

In reply to the resistance filed by Henry Martin the heirs-at-law and beneficiaries named in the application state that they expressly deny that there was any agreement whatsoever between them to set aside such purported will; they allege that their acts were in good faith and that all possible beneficiaries are before the court under the principle or doctrine of representation and the proceedings will be conclusive on remote and contingent remaindermen, although not served with notice; that all possible parties are before the court and that the court has jurisdiction of all such persons.

In addition to the foregoing we find that on September 6, 1949, two days following the death of Fannie French, Harry W. Reeve, an heir-at-law, filed petition for letters of administration

of her estate. On the same date an order was made appointing such applicant as administrator. On October 3, 1949, said Harry W. Reeve petitioned to be appointed special administrator of the Fannie French estate. An order was made on said date making such appointment and so far as the record reveals neither of such appointments has been revoked.

The purported will provided that the property belonging to the estate was to be considered personal property and was devised to Henry Martin in trust for the use and benefit of certain beneficiaries; said instrument provided for the payment of debts and expenses and a specific bequest to a brother, Harry Reeve, after which there was a devise and bequest of all property of every description remaining to a trustee; provided for its management and the annual distribution of the income to certain named beneficiaries; also, that the whole title, legal and equitable, be vested in such trustee and that no beneficiary was to take any interest or estate therein. Said trustee was given general powers to buy and sell, exchange and encumber trust properties, to execute leases for any property thereof, and to act as proxy in any case where stock was held.

Paragraphs 5 and 6 are as follows:

"Par. 5. I hereby name as beneficiaries Harry Reeve, of Oakdale, Iowa, Oliver Reeve, of Waverly, Iowa, Mary Ellen Reeve, of Waverly, Iowa, Blossom Newman of Agency, Iowa, and Geneve Schwartz, of Sumner, Iowa, under the trust created herein. As each individual named herein shall pass away, his or her share of the yearly income shall be divided equally among the herein named individuals surviving.

"Par. 6. The trust created under this will shall terminate upon the death of the last of the beneficiaries herein named and my trustee shall deliver to the heirs of said last beneficiary all assets of said trust and take a receipt therefor, said receipt being in each instance a full acquittance to my trustee."

Paragraph 7 nominated Henry Martin as executor and paragraph 8 nominated him as trustee and provided that he furnish a bond while so acting.

III. On December 21, 1949, the trial court made an order which, in substance, holds that all heirs-at-law and all the bene-

ficiaries named in the will of Fannie French are objecting to or are admitting the objections to the probate of the purported will; that no other parties are interested in said estate; that Henry Martin has employed counsel to resist the objections made to said purported will; that such a contest is in the personal interest of the executor in resisting such objections; that Henry Martin is only a stranger to said will contest, has no standing in court, is not a representative of decedent; that to permit him to contest such objections would be prejudicial to the said heirs and beneficiaries and would result in a miscarriage of justice; that the said Henry Martin, nominated executor and trustee, has performed all duties required by filing and offering the will for probate; that the heirs of the survivor of the last beneficiary were represented and legally before the court upon the principle of representation.

We set forth two paragraphs of the court's decree, the first dealing with the heirs of the last surviving beneficiary, and the second with enjoining the executor and trustee, Henry Martin, from taking any further action in that capacity:

"It is further ordered, adjudged and decreed by the court that the heirs of the survivor or the heirs of the last surviving beneficiary named in said purported will of said decedent, dated the 14th day of June, A. D. 1949, are represented in court and are legally before the court upon the doctrine and principle of representation by the beneficiaries and heirs-at-law of said decedent who take the first estate of inheritance under said purported will and that said heirs of the last surviving beneficiary belong to the same class as those which are legally before the court, and that this court has jurisdiction hereof and of all of the parties interested herein and that this court further has jurisdiction of all the heirs-at-law of said Fannie French, deceased, and of all the beneficiaries named in said purported will, including all the contingent, remote remaindermen and after-born or unborn heirs of the last surviving beneficiary named in said will, and the Executor and trustee nominated in said purported will.

"It is therefore ordered, adjudged and decreed by the court that the said Henry Martin, executor and trustee nominated in

the purported last will and testament of the said Fannie French, deceased, dated the 14th day of June, A. D. 1949, be and he is hereby permanently prevented, restrained and enjoined from resisting the objections filed to the probate of said purported will of the said Fannie French, deceased, and said nominated executor is further hereby prevented, restrained and enjoined from in any manner contesting or resisting the contest to said purported will of said decedent, dated the 14th day of June, A. D. 1949, and is further enjoined and restrained from in any manner attempting to uphold the validity of said purported will."

▇▇ IV. The first error urged by appellant is the holding of the court that Henry Martin, executor and trustee under the Fannie French will, had performed all of the duties required when he filed the will for probate. We cannot agree with the trial court in so holding. It is the duty of one named as executor in a will to offer it for probate and to make all reasonable effort to sustain its validity when contested. We call attention to a number of Iowa cases so holding.

In the case of McElfresh v. McElfresh, 186 Iowa 994, 1002, 173 N.W. 259, 261, this court (Weaver, J.) said: "It was the duty of the executor of the will to file it for probate, and to make all reasonable effort to sustain its validity, when assailed by the contestants."

The statement above-quoted was approved in In re Estate of Hayer, 233 Iowa 1343, 1350, 11 N.W.2d 593, citing Meeker v. Meeker, 74 Iowa 352, 37 N.W. 773, 7 Am. St. Rep. 489. See also In re Estate of Livingston, 179 Iowa 183, 153 N.W. 200; In re Estate of Jones, 130 Iowa 177, 106 N.W. 610. .

Our latest pronouncement on that matter is In re Estate of Swanson, 239 Iowa 294, 304, 31 N.W.2d 385. In that case, in addition to holding it was the duty of the executor to offer the will for probate and make all reasonable effort to sustain its validity when contested, it was also held that one named as an executor may appeal from a judgment denying probate to it. 2 Am. Jur., Appeal and Error, section 193.

▇▇ In the Swanson case there was involved a family settlement. There was no trust dissolution involved. Therein the court

approved a family settlement. Further, in that case, in discussing the matter of family settlements, we stated (page 302) the limitations upon the rule permitting such settlements—referring to such as exceptions—as being two in number: "(1) Beneficiaries under a will cannot defeat a trust" (citing various cases, among them being Davenport v. Sandeman, 204 Iowa 927, 216 N.W. 55; Cochran v. Zachery, 137 Iowa 585, 115 N.W. 486, 16 L. R. A., N. S., 235, 126 Am. St. Rep. 307, 15 Ann. Cas. 297), and "(2) Such an agreement may not deprive one not a party thereto of his interest in the estate or prejudice the rights of nonconsenting creditors" (citing cases under (1); also Gray v. McReynolds, 65 Iowa 461, 21 N.W. 777, 54 Am. Rep. 16; 28 R. C. L., Wills, section 359).

In our opinion both of the exceptions above-noted are present in the instant case.

In the inception, Henry Martin filed what purported to be the will of Fannie French. Certain of her heirs at once objected by filing objections alleging mental incompetency and undue influence practiced over her by the proponent and the beneficiaries named therein. It strikes us as something unusual for the beneficiaries to answer at once admitting the objections, thereby in effect saying that they had something to do with the making of the will. They give no particular reason for their actions and simply content themselves by saying that such heirs and the beneficiaries are opposed to the will being admitted to probate. Neither do they deny that the instrument devised the property to a trustee to establish a trust in the estate property, with the income going to named beneficiaries. It is somewhat difficult to understand their concerted actions and united common purpose when they expressly allege that they are not working as a result of any agreement to attain that result.

The will gave nothing to the alleged heirs as such; the beneficiaries were given no estate or interest save as to the income from the trust property. The whole title, legal and equitable, in fee, in the trust created was vested in the trustee. The right of Fannie French to dispose of her property and place it in trust has legal sanction. To place property in trust is frequently done by will. A testator may be influenced by many valid reasons for so acting. To place property in trust and devise

the income to certain persons is frequently done. To permit the income beneficiaries to thwart the intent and purpose of one making a will by agreeing to set aside the trust created would be an anomaly under our laws. The testator has a right to create a trust and it should ill behoove any beneficiary to disapprove and show his displeasure thereto by setting it aside. This does not conflict with valid family settlements where no trust is involved. While the heirs and beneficiaries allege that they are not acting in agreement to set aside the will, their prompt, united and concerted effort along that line indicates otherwise.

We hold that the court erred in holding that the nominated executor, Henry Martin, had performed his entire duty when he filed the will·of Fannie French and offered it for probate.

■ V. The appellant next urges as error the finding of the court that there were no other persons interested in the Fannie French estate than her heirs-at-law and the beneficiaries named in the will.

As no evidence was presented to the court as to who were the heirs-at-law of the deceased, we find nothing in the record to sustain such finding. Certain persons who objected to the will alleged that they were the only heirs-at-law of the decedent. Such allegations fall far short of being sufficient to establish such fact, especially as such allegations were specifically challenged. The trust provision contemplates that the income shall be paid until the last survivor of the named beneficiaries dies and that the heirs of such survivor then shall receive the property belonging to the trust estate. The will itself shows that Henry Martin is an interested party. He was given a duty to perform and we are of the opinion that he was a party in interest and not a stranger or an interloper.

In addition, it should be kept in mind that the will devised the whole title *in fee* in the trust property to the trustee. It is difficult to determine upon what theory the executor or trustee would be held to have no interest in the property.

VI. The third and fourth errors claimed by appellant are related and can be considered together.

■ The first is that the court erred in holding that the heirs of the last beneficiary were represented and were legally before the court under the doctrine of representation by the beneficiaries

and heirs-at-law of Fannie French, who take the first estate of inheritance under the will.

The only ones who took under the will of Fannie French took nothing save as beneficiaries therein named. It must also appear that where there is a controversy of interests one not before the court who is alleged to be represented has a right to have his claim presented in good faith and according to his best interests. What have we here? The heirs of the last beneficial survivor are uncertain and would be classed as contingent remaindermen. The heirs and beneficiaries propose to take the estate property as their own, all of which would be adverse to the rights and interests of such contingent remaindermen. This they should not be permitted to do. Before any such step can be effective such contingent remaindermen are entitled to have their rights and claims, immediate or remote, fairly passed upon and not at the dictates of any who would destroy such rights. See Mennig v. Graves, 211 Iowa 758, 762, 234 N.W. 189, 191. In that case we quote from the holding of this court, speaking through Justice Albert:

"The general rule in equity is that parties not before the court are not bound by the decree. The doctrine of equitable representation is the exception to this rule. It is built upon the theory that the contingent remaindermen are represented by others who have a similar interest, and that their interests will receive thereby actual and efficient protection; and, to be effective, their representation must be such that it would be certain that they would bring forth the merits of their rights and use reasonable efforts to protect their interests. * * * Another qualification that applies is that his representative must have acted in good faith, and have done all that was reasonable and necessary to protect his interest."

Appellees, in argument, in commenting on the Mennig cases, as reported in 211 Iowa 758 and 213 Iowa 936, claim that in the last opinion this court repudiated and revoked, and, in effect, overruled the first holding. We cannot agree with such claim. In the second case the statute (section 12351-d1, Code of 1931, now chapter 651, Code of 1950, R. C. P. No. 298) relating to the notice to contingent remaindermen was followed. An attor-

ney was appointed to represent such remaindermen and a real and good-faith defense was made in their behalf. The Mennig cases involved partition, and the statute referred to related to partition actions. However, the rule announced, it seems to us, has direct application to the extinguishment or protection of contingent remaindermen. We find nothing in the last opinion which overruled, criticized or modified the holding in the first opinion, particularly that part above set forth.

In the instant case none of the applicants purported to act in behalf of the contingent remainder heirs of the last survivor. Every move appellees made in attempting to prevent the probate of the will of Fannie French had for its purpose the defeat and destruction of the trust devised to such contingent remaindermen. The actions of said appellees toward the interests of such remaindermen were hostile and adverse—something condemned by our holdings.

See Lincoln Joint Stock Land Bk. v. Mitchell, 239 Iowa 995, 33 N.W.2d 388; 33 Am. Jur., Life Estates, Remainders, etc., page 646.

The fourth claimed error goes to the holding of the court that the heirs of the last surviving beneficiary belong to the same class as those who were before the court, to wit, heirs-at-law of Fannie French and the beneficiaries under her will. We are of the opinion that this holding under the record cannot be sustained. This court in the case of Anderson v. Anderson, 227 Iowa 25, 286 N.W. 446, held that if a gift is made to beneficiaries by name, the gift is not one to a class. 2 Page on Wills, Second Ed., section 918; In re Estate of Carter, 203 Iowa 603, 213 N.W. 392. In this case the instrument specifically named certain beneficiaries. All such beneficiaries are living and they have nothing except a vested interest in the income. The last survivor of said beneficiaries cannot now be determined and it will doubtless be years before that time arrives. As matters now stand it could be some person yet unborn, certainly not in the class as those expressly named in the will of Fannie French. We are unable to sustain the ruling of the trial court as above set forth.

Other matters are set forth and argued by appellees—some at considerable length—and many authorities are set out

with the principles set forth in most of them, but due to the fact situation we think they have little application.

We note that appellees' brief and argument devotes a considerable portion to a motion to dismiss the appeal of the executor and trustee. As we have hereinbefore overruled said motion we deem it unnecessary to give attention to such claim.

The legal rules and principles upon which we have based our decision are well-settled. The issues involved are clear. Mrs. Fannie French executed an instrument in which she provided for a perfectly proper and legitimate trust. Certain heirs and named beneficiaries opposed probating said instrument claiming that the maker was mentally incompetent and that she was unduly influenced in its making. Such objectors seek to prevent the nominated executor and trustee from contesting such claim. The trial court adopted their theory and enjoined the proponent. This we hold under the record was error, and the case is reversed.—Reversed.

GARFIELD, C. J., and BLISS, HAYS, MULRONEY, SMITH, and WENNERSTRUM, JJ., concur.

OLIVER, J., specially concurs.

HALE, J., not sitting.

OLIVER, J. (specially concurring)—I agree with the result of this opinion but do not think we should here concern ourselves with the validity or propriety of provisions of the purported will. It is sufficient to say it is not patently invalid. Nor should we appear to express an opinion upon the issues raised by the objections to the probate of the instrument.

The majority opinion states a former statute, now R.C.P. 298, "has direct application to the extinguishment or protection of contingent remaindermen." Rule 298 concerns only actions for partition and is not applicable to actions of this kind.

I agree with the holding that the heirs of the last surviving beneficiary do not belong to the same class as the named beneficiaries. The better reason for this, I believe, is that the will gives the named beneficiaries only the income of the trust for their respective lives, while the heirs of their last survivor are remaindermen who are to take the estate absolutely and in fee.

McArthur v. Scott, 113 U. S. 340, 5 S. Ct. 652, 28 L. Ed. 1015, involved a factual situation similar to that in the case at bar. There the action brought by some of testator's heirs and beneficiaries of the trust was to set aside the probate. The trustees had resigned and the only parties in court capable of representing themselves were the heirs-at-law. They filed answers confessing the bill, and the will was set aside. The decision holds the rights of unborn remaindermen were not lost.