S. S. WEEMS et al., Appellants,

v.

FROST NATIONAL BANK OF SAN ANTONIO et al., Appellees.

No. 5221.

Court of Civil Appeals of Texas.
El Paso.

April 3, 1957.

Rehearing Denied May 8, 1957.

See also 278 S.W.2d 318.

Maurice Bullock, Ft. Stockton, Wm. M. Bonner, Houston, Hall Griggs, West Columbia, Harry M. Carroll, Corpus Christi, for appellants.

Fisher, Wood, Burney & Nesbitt, Corpus Christi, for appellees.

FRASER, Justice.

This is an appeal from the decision of the trial court construing the will of Zuleika Weems Felder, who died March 27, 1953. In the will, testatrix named the Frost National Bank of San Antonio, Texas, as independent executor, and in order to more clearly present the facts, the will in controversy is herein set forth:

"In the Name of God, Amen:

"I, Zuleika W. Felder of Bexar County, being of sound mind and dis-

posing memory, and realizing the uncertainties of human life, do make and publish this my last will and testament, hereby revoking all wills by me heretofore made.

"1. I direct that all my just debts be paid as soon as practicable.

"2. I do will and bequeath unto my brother, W. G. Foote of Los Angeles, Calif., and to my nephew J. D. Felder of Goliad, Texas, all of the stocks, bonds, notes and mortgages of which I may die possessed, to be theirs in equal shares. I do furthermore devise and bequeath unto the said W. G. Foote and J. D. Felder all of the said real estate of which I may die possessed, except certain interests in land in Wharton County, Texas, which is disposed of in the following paragraph.

"3. I own a one-third of one-eighth interest in the gas and sulphur royalty on about five hundred (500) acres of land in Wharton County, Texas, which was sold to the Texas-Gulf Sulphur Co.; I do devise and bequeath a one-half of my one-third interest unto my cousins M. A. Weems, Mrs. A. I. Craig, Z. E. Weems, and S. S. Weems, children of Dr. M. L. Weems, deceased, all of whom reside in Brazoria County, Texas, said one-half of my one-third interest to be held by them jointly. I do devise and bequeath unto my brother, W. G. Foote, of Los Angeles, Calif., the other one-half of my one-third interest in said Wharton County royalty. If my brother W. G. Foote should die before I do, then it is my will that the above mentioned cousins now residing in Brazoria County, Texas, have my entire one-third interest in said royalty.

"4. I do give, devise and bequeath unto my brother W. G. Foote and my Nephew J. D. Felder all of the residue of any property I may have at the time of my death, not specifically devised herein, to be theirs share and share alike.

"I hereby nominate and appoint the Frost National Bank of San Antonio, Texas, Independent Executor of my Estate and of this Will, and I direct that no action be had in any court with reference to the management and settlement of my estate other than the probating of this will and the return of an inventory and appraisement and list of claims.

"I further direct that my said Executor shall be paid fees for its services as such Executor consisting of 2% of the value of Estate as inventoried and appraised in the Probate Court.

"Witness my hand at San Antonio, Texas, this the 17th day of July, A.D. 1933.

"/s/ Zuleika W. Felder
"Signed, declared and published by Zuleika W. Felder, as her last will and testament, in the presence of us, the attesting witnesses, we have hereto subscribed our names in the presence of Zuleika W. Felder, at her request, and in the presence of each other this the 17th day of July, A.D. 1933.
"/s/ J. H. Andrews
"/s/ Frank Blomey
"Last Will of Zuleika W. Felder July 17, 1933 (over)
"/s/ Zuleika W. Felder"

"L. S. Felder, my other nephew, has already received more than his share of any part of my estate, hence is not mentioned in this will. However, according to some custom or other, he is hereby entitled to one dollar in cash paid to him, or his heirs, no more, no less, which is to be at my death out of any cash fund available.
"/s/ Zuleika W. Felder"

The suit was brought by what will be hereinafter known as the Felder group, or appellees. This group consists of Loise A. Felder, nephew of testatrix, Lois Adair Felder, and Mary Carlisle Dallas, and Lillian C. Felder, widow and children of

J. D. Felder, nephew of testatrix, who died a short while after testatrix' death. The suit was filed against the Frost National Bank, alleging that the bank had property and assets in its hands, and that plaintiffs were entitled to same. The bank filed its general denial, with a plea of intervention, interpleader, and cross-action. Appellant S. S. Weems filed his answer, as did the children of Mrs. A. I. Craig. M. A. Weems and Z. E. Weems and Mrs. A. I. Craig all predeceased testatrix, and the court appointed an attorney ad litem to represent the estate of these three parties. In addition, John Hiden Craig and Mason Locke Weems Craig filed a general denial and plea of not guilty.

The serious matters in controversy are, in reality, the construction of paragraph 3, first as to the extent of the interests devised by testatrix, and second as to whether the devise in paragraph 3 to her cousins was a class bequest or gift.

The trial court held that the testatrix intended in paragraph 3, and did, bequeath and devise only the gas and sulphur royalty (appellants Weems maintain that she actually intended to devise the entire royalty, including oil), saying, in his Conclusions of Law:

"2. Paragraph 3 of the will of Zuleika W. Felder was not intended by her to devise anything except gas and sulphur royalty, and did not do so.

"3. The bequests to M. A. Weems, Mrs. A. I. Craig, and Z. E. Weems, all of whom died before testatrix, lapsed.

"4. Zuleika W. Felder did not intend to and actually did not create by paragraph 3 of her will a class gift with the right of survivorship.

"5. The only interest of S. S. Weems in the estate of Zuleika W. Felder is in the gas and sulphur royalty expressly devised to him in paragraph 3 of her will, and is an undivided one-half ($\frac{1}{2}$) of one-half ($\frac{1}{2}$) of one-

third ($\frac{1}{3}$) of one-eighth ($\frac{1}{8}$) of the gas and sulphur in the Wharton County tract.

"6. Loise A. Felder, Lois Adair Felder, a feme sole, Lillian C. Felder, a feme sole, and Mary Carlisle Dallas are entitled to receive all of the estate of Zuleika W. Felder, except that which was specifically devised as aforesaid to S. S. Weems, in paragraph 3 of her will. In view of their binding agreement, they are entitled to share equally in what any of them receive, and whether they take under the will as heirs at law becomes immaterial."

W. G. Foote, mentioned in the will, died before testatrix, and without widow or children. The court also held and found as a fact that Loise A. Felder, a plaintiff, and his brother, J. D. Felder (who died a month or so after testatrix), were the sole surviving heirs of testatrix.

The children of J. D. Felder entered into a binding agreement with Loise A. Felder to share and share alike in whatever they should receive from the estate. This agreement was held to be binding by the court, and so makes it immaterial whether the property here descends to them as heirs, or is given to them under the will; they share it equally.

Appellants' first eight points deal with the two matters of importance in controversy, to-wit: the construction of the devise in paragraph 3, as to its extent and whether or not it was a class bequest or gift. The will, in our opinion, is unambiguous, and contains a residuary clause which makes the instrument a complete disposition of all testatrix' estate. We do not find any ambiguity, patent or latent, that would authorize or necessitate extraneous evidence. The bequest in paragarph 3, coupled with the wording of paragraph 2, describes with complete clarity testatrix' intention. The bequest is worded carefully and describes with exactitude the estate she intends to convey to her cousins. Al-

though the will itself does not mention the oil royalty, all property not so mentioned is taken care of in the residuary clause. The will not being ambiguous, its true meaning, which, of course, is the intent of testator, must be determined by the language used within the four corners of the instrument: Republic Nat. Bank of Dallas v. Fredericks, Tex., 283 S.W.2d 39; Tex. Jur. 44, pages 680, 681 and 751; Magnolia Petroleum Co. v. Connellee, Tex.Com. App., 1928, 11 S.W.2d 158; Hagood v. Hagood, Tex.Civ.App., 186 S.W. 220 (Wr. ref.).

■ There are no ambiguous words or phrases, nor are there any of double meaning in the will. It has long been the custom in Texas, if desired, to split up royalty between different minerals. We hold, therefore, that the trial court was correct in its holding that the bequest, paragraph 3, applied only to gas and sulphur royalty as it was written.

■ With regard to the second matter, we believe the trial court was correct in ruling and holding that the provisions of paragraph 3 did not create a class gift. It will be noticed that the beneficiaries were individually named and their number was definite, and, of course, there could be no increase in that number, because Dr. Weems, the father of the children, was already dead. It is the contention of appellant S. S. Weems that the provisions of paragraph 3 created a class gift and that, accordingly, he is entitled to the entire bequest as being the only survivor. It must be noticed in this connection that in this class gift or bequest there are no words of survivorship. It has been held in Texas that where one or two, or more, legatees or devisees has died prior to testator, and there are no words of survivorship in the will, such gift or bequest to those who predeceased the testator lapses and becomes part of the testator's undevised estate, descending to his heirs by the laws of descent and distribution. (It must be borne in mind that here, Loise A. Felder and the

children of the other nephew entered into a binding agreement to share the estate; so we will not be called upon to make division as among them.) 44 Tex.Jur., page 802.

In addition to the above text-book authority, the cases of Briggs v. Peebles, 144 Tex. 47, 188 S.W.2d 147, and Burch y. Mc-Millin, Tex.Civ.App., 15 S.W.2d 37, and Benson v. Greenville Nat. Exchange Bank, Tex.Civ.App., 253 S.W.2d 918, have held that one of the essential requisites of a gift to a class is that the gift must be to a body of persons "uncertain in number" at the time of the bequest.

In the case of Hagood v. Hagood, Tex. Civ.App., 186 S.W. 220, 224, the court held that, in the absence of ambiguity in the terms of the will, the intent of the testator whose lips have been closed by death must be determined alone from the words as expressed by him in the solemn instrument (the will) executed under the formalities required by law, and "must alone afford the light by which the mind is to be guided in the ascertainment of the testators' intent." This case further holds that where there are no words or survivorship, the devise to a person predeceasing the testator lapses and becomes part of the testator's undevised estate. Appellants have made vigorous representations that because of the wording in paragraph 3, wherein the will says "said one-half of my one-third interest to be held by them jointly" creates a class gift or joint tenancy. With this position we cannot agree. In view of the meaning of Article 2580 of the Texas Statutes, V.A. T.S. Probate Code, § 46, and the holding in McClain v. Holder, Tex.Civ.App., 279 S.W.2d 105 (n. r. e.), it is clear that the word "jointly" is not sufficient to create the right of survivorship in the absence of words of survival, and does not, of itself, create a joint tenancy. The case of In re Carter's Estate, 1927, 203 Iowa 603, 213 N.W. 392, 394, and cases cited, illustrates the fact that a devise in a will " 'for their joint use and benefit' " is actually a tenancy in common, and not a joint tenancy.

We therefore hold that the trial court was correct in his holding that the testatrix did not intend to, and in fact did not, create a class gift by the terms of paragraph 3 of her will.

■ Appellant S. S. Weems complains of the court's action in not awarding to him a certain 1/144th interest in the Wharton County royalty. We do not find any merit in this point, as the terms of the will are clear and do not mention or attempt to devise this particular bit of royalty to the appellant. In any event, this will was written long before testatrix inherited the 1/144th interest from her brother, W. G. Foote. This point is overruled.

■ Appellant S. S. Weems also complains that the judgment does not sufficiently identify or describe the land. We think the record and the recitations in the will, along with the judgment, are completely adequate to advise and inform any interested party as to the identity of the land. The gift or bequest of testatrix describes her royalty in Wharton County, and that was the only royalty in that county that she owned. This point is accordingly overruled.

■ Appellant also complains of the admission in evidence of plaintiffs' Exhibit 22. We find no reversible error in this action by the court, as it does not run contrary to the terms of the will and, in any event, the matter being tried before the court, it will be assumed that the court considered that which was legal to consider, and we do not find any harm in this letter having been admitted in evidence, so this point is overruled.

■ Appellant has also complained of the court's action in holding that Loise A. Felder and J. D. Felder, now deceased, were the sole surviving heirs of the testatrix. It is clear from the record that these two men were children of R. J. Felder, half-brother of testatrix. The statutes covering the laws of descent and distribution make it clear, under Article 2570, R.C.S.1925, V.A.T.S. Probate Code, § 38, that where there are no children, or their descendants, or no mother or father, the whole estate shall pass to the brothers and sisters of the intestate, and to their descendants. Here, the Felder appellees were a son and grandchildren of testatrix' half-brother, R. J. Felder. All of testatrix' other brothers and sisters had predeceased her, and left no surviving children. In any event, in view of the agreement between Loise A. Felder and the children of J. D. Felder, deceased, the matter is unimportant.

■ Appellants Mason Locke Weems Craig and John Hiden Craig have filed their brief setting up four points of error. Three of the points go to the same matters decided above, as raised by appellant S. S. Weems. Their third point is that the court erred in assessing any costs against them, especially with reference to the appointment of an attorney ad litem. The trial court assessed the costs as follows: "All costs of this proceeding are hereby taxed in equal portions against Loise A. Felder, Lillian C. Felder, Lois Adair Felder, Mary Carlisle Dallas, John Hiden Craig, Mason Locke Weems Craig, and S. S. Weems." The trial court appointed the attorney ad litem, apparently on the basis of the allegation by the Frost National Bank that the names and residences of three of the beneficiaries under paragraph 3 were unknown, and cited them by publication. The trial court appointed an attorney, who did file an answer and participate in the trial without objection. We find no error whatever in the trial court in so appointing the attorney and allowing him a fee for his services.

For the reasons given above, all of the appellant S. S. Weems' points are overruled, and all of the appellants Mason Locke Weems Craig and John Hiden Craig's points are likewise overruled.

Finding no error, the decision, therefore, of the trial court is accordingly affirmed.

McGILL, J., not participating.