Nancy Bess Wilson DAVIS et vir., Appellants,

v.

Duke Glover WILSON, Appellee.

No. 12495.

Court of Civil Appeals of Texas, Austin.

March 9, 1977.

James A. Carter, Smith, Davis, Rose, Finley & Hofmann, San Angelo, for appellants.

W. Hampton Beesley, III, Craig Porter, Upton, Shannon, Porter & Johnson, San Angelo, for appellee.

O'QUINN, Justice.

Decision in this case turns on construction of a will, with particular focus upon one of forty-four paragraphs comprising the will.

Mary Dan Sandlin, the testatrix, made and executed her will in August of 1972, and died more than four years later, on November 15, 1974.

Duke Glover Wilson, the appellee, a contingent beneficiary under paragraph 7.01 of the will, brought this suit in December of 1975, seeking by declaratory judgment to obtain construction of paragraph 7.01. Named defendants were Nancy Bess Wilson Davis, a principal beneficiary under the will and independent executrix, and her husband, Richard W. Davis. Under paragraph 7.01, Mrs. Davis, a niece of the testatrix, was accorded an election by which she might own Mrs. Sandlin's home if she conveyed the Davis home to Wilson, the appellee.

Mrs. Davis accepted the election in November of 1975, and afterwards tendered to Wilson a deed to her home which if accepted by Wilson would require that he receive the property subject to a lien debt amounting to more than $12,000. Wilson contends by his suit that under the will he was entitled to take the Davis home free of debt.

Both parties moved for summary judgment. The trial court denied the Davis motion, and granted the Wilson motion, entering judgment for Wilson against the Davises in the amount of $12,400.46 plus interest. Mrs. Davis and husband have appealed and bring four points of error. We will affirm judgment of the trial court.

The paragraph of Mrs. Sandlin's will which the parties ask to have construed by the Court is set out in full, together with the companion paragraph providing for lapse of the first in event Mrs. Davis preceded Mrs. Sandlin in death.

"7.01 If my niece, NANCY BESS WILSON DAVIS would like to own my house in San Angelo, Texas and the real estate in connection therewith, then I give and devise such property to her in fee (exclusive of the household furnishings and effects) upon the condition that she convey to DUKE GLOVER WILSON in fee the dwelling house and real estate in connection therewith owned by her and upon which she resides. If she does not elect to take my house upon the above terms and conditions, then and in that event I give and devise such house and real estate in connection therewith (exclusive of the household furnishings and effects therein) to my nephew DUKE GLOVER WILSON in fee.

"7.02 In the event my niece, NANCY BESS WILSON DAVIS shall predecease me, the bequest set forth in Section 7.01 above shall lapse."

Under paragraph 7.01, it is obvious that Mrs. Sandlin was giving Mrs. Davis first choice to own the Sandlin home, and to provide that if she elected *not* to take the Sandlin home "upon the terms and conditions" there stated, the Sandlin home would go to Wilson, who was Mrs. Sandlin's nephew. In event Mrs. Davis died before Mrs. Sandlin, the bequest was to lapse under paragraph 7.02.

The problem arose when Mrs. Davis sought to exercise her election to take the Sandlin home, but offered the nephew her home encumbered by a debt in excess of $12,000, although Mrs. Davis took the Sandlin home free of debt.

The parties join issue on the language of paragraph 7.01, with appellants contending that Mrs. Sandlin " . . . did not include as a condition that Appellant satisfy all encumbrances that may exist against her house, especially an encumbrance which had not been assumed,[1] as part of the transfer and conveyance to Appellee." Appel-

1. When Appellants Nancy W. Davis and her husband, Richard W. Davis, acquired the "Davis home" in September of 1963, they did not personally assume payment of an existing indebtedness secured by deed of trust lien, but the conveyance to them was "made subject to all accrued interest and present unpaid balance of $17,337.73 of that certain indebtedness in the original principal sum of $18,200.00" more fully described in a recorded deed of trust dated February 16, 1960.

lants insist that " . . . construction of Article Seven to require Appellant to transfer and convey her house to Appellee free of encumbrances would be unreasonable construction creating a condition Mary Dan Sandlin herself did not create."

Appellee relies on the language of paragraph 7.01 of the will and argues that by use of the words "fee" and "convey" the testatrix demonstrated her intention that in each instance the *devise* to Mrs. Davis and the *conveyance* by Mrs. Davis to Wilson would transfer unencumbered real property.

In this contention appellee points to the provisions of Articles 1291 and 1297, V.A.C.S. Article 1291 provides that if an estate in lands "be granted, conveyed or devised," even without words theretofore necessary at common law, "shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been granted, conveyed or devised by construction or operation of law." (Originally enacted by Congress, Republic of Texas, 4th Session, 1840, p. 153; carried forward in R.S.1879, Art. 551; R.S.1895, Art. 627; R.S. 1911, Art. 1106).

Article 1297, which originated in R.S.1879 and was carried forward through the revisions of 1895, 1911, and 1925, provides that unless the instrument of conveyance shows a contrary intent, use of the word "grant" or the word "convey" will imply a covenant that the grantor had not already conveyed any interest in the property, and "That such estate is at the time of the execution of such conveyance free from incumbrances." (See Fritz: *The Texas Law of Conveyancing*, Sec. 17, Commentary, Vernon's Anno. Civ.Sts., Vol. 3, p. 19).

In her will Mrs. Sandlin stated that if her niece, Mrs. Davis, would like to own the Sandlin house, Mrs. Sandlin devised the real estate to her niece "in fee" but "upon the condition that she convey" the Davis home "in fee" to the nephew, Appellee Wilson. If Mrs. Davis did not elect to take the Sandlin house "upon the above terms and conditions," Mrs. Sandlin devised the "house and real estate" to her nephew "in fee." It

is noted that with each devise mentioned by Mrs. Sandlin she used the words "in fee," and in specifying that Mrs. Davis, in event of election to take the Sandlin home, transfer her home to appellee, the testatrix plainly required that Mrs. Davis "*convey* to Duke Glover Wilson *in fee*" the Davis "dwelling house and real estate." (With emphasis added).

■ The statutory covenant against encumbrances provided by Article 1297 is implied from use of the word *convey* in a conveyance by which an estate of inheritance or fee simple is transferred, unless restrained by express terms. The covenant is to protect the grantee against rights or interests in third persons, which, although consistent with the fee being in grantor, will diminish the value of the estate conveyed. *City of Beaumont v. Moore*, 146 Tex. 46, 202 S.W.2d 448, 453 (1947).

A statute in the nature of Article 1297 is not without precedent. As early as the year 1276, the statute *de bigamis* (4 Edw. I. c. 6) was declaratory of the effect attached by common law to use of the word of feoffment *dedi*, by which warranty in law was implied without use of the word *warrantizo*. The grantor was bound by warranty, to protect against interests of third persons, if the deed contained the phrase *dedi et concessi (I have given and granted)*. See Rawle: *Law of Covenants for Title*, 3rd ed. (1887), ch. I, secs. 3, 4, 5; Reeves: *History of the English Law* (Finalson, ed.), Vol. II, pp. 429–431 (1880). Both Rawle and Reeves made clear that the statute actually was "only a confirmation of the common law."

The judgment of the trial court contains recitations that each of the opposing parties at trial held the position that the will of Mrs. Sandlin is not ambiguous, and the court found that the will of decedent is not ambiguous. The trial court therefore properly made findings and entered judgment based upon "a determination of the intention of the Testatrix with respect to the language in question."

■ It is settled that in arriving at the intention of the testatrix the true purpose

of the inquiry is to ascertain what the words used express and not to discover what she meant to express apart from the language used in the will. *Huffman v. Huffman*, 161 Tex. 267, 339 S.W.2d 885, 888 (1960).

The language employed by Mrs. Sandlin in paragraph 7.01 must be viewed as a consistent intent on her part that the niece and the nephew, Mrs. Davis and Wilson, take the home properties in fee, which would mean free from encumbrances, and cannot be read to say that the niece would take her devise in fee and convey to the nephew property diminished in value by an encumbrance represented by interests held by third parties.

We find no room for doubt as to the intention of the testatrix as expressed in her will. When the language of the will is plain and unambiguous, the court cannot give it meaning which is different from that warranted by its words merely for the purpose of carrying into effect a conjecture or hypothesis as to the intention of the testatrix by changing such language. *Price v. Austin National Bank*, 522 S.W.2d 725 (Tex.Civ.App. Austin 1975, writ ref'd n. r. e.).

The parties in this cause stipulated that if the trial court should find for plaintiff below, appellee here, the judgment should award appellee money judgment against appellants in the sum of $12,400.46, plus interest at the legal rate from November 26, 1975. Based on the court's findings and stipulation of the parties, the trial court entered judgment for appellee against appellants.

We affirm the judgment of the trial court.

Affirmed.