Eugenia ROBERDEAU, Appellant,

v.

Eugenia Izard JACKSON et al., Appellees.

No. 12688.

Court of Civil Appeals of Texas, Austin.

April 5, 1978.

Allan I. Schneider, Giddings, for appellant.

Louis Scott Wilkerson, Sam R. Perry and William D. Brown, Sneed, Vine, Wilkerson, Selman & Perry, Austin, for appellees.

O'QUINN, Justice.

Eugenia Roberdeau, independent executrix under the will of Lena Castleman, brought this action for declaratory judgment to construe provisions of the will, under which both Eugenia Izard Jackson and Eugenia Roberdeau now claim interests which are conflicting. (Art. 2524–1, sec. 2, V.A.C.S.).

The testatrix died in July of 1947, and was survived by Fay Jones, a half-sister, and two nieces, Eugenia Roberdeau and Beatrice Vaughan. Fay Jones died in the 1960's, and her interest under the will is not an issue in this suit.

Beatrice Vaughan died in 1976, survived by her daughter Eugenia Izard Jackson, who in this suit claims a vested one-half interest in the Castleman estate. Eugenia Roberdeau claims that she alone is "entitled to all of the proceeds of the estate of Lena Castleman during her lifetime and after her death said estate shall then be vested in the contingent remainderman."

The provision of the Castleman will giving rise to this controversy contained a bequest to Fay Jones, the half-sister, not involved in this suit, but which is included in full quotation of paragraph under review:

"FOURTH: If at the expiration of ten years after my death, my said half-sister, Fay Jones, shall not be dead, my said two nieces shall continue to pay to her said sum of One Hundred Dollars ($100.00) each month from my said estate so long as she may live; but in the event my said half-sister, Fay Jones, shall be dead at the expiration of ten years after my death or when she thereafter dies, my nieces, Eugenia Roberdeau and Beatrice Vaughan, share and share alike, shall then be entitled to life estates in all of my property, and upon their deaths it is to then go to the child or children, share and share alike, of my said nieces; but if neither of said nieces have any living children at the time of their deaths, I direct that my estate shall be divided equally between the Austin-Travis County Tuberculosis Sanitorium and the Childrens' Home in Austin."

Under this paragraph of the will, Eugenia Roberdeau contended that, with the death of Beatrice Vaughan, she succeeded by right of survivorship to a life tenancy in the entire estate and was entitled to all proceeds from the property. Eugenia Izard Jackson asserted that she had inherited a remainder interest in one-half of the estate in fee simple upon the death of her mother.

Upon trial before the court without aid of a jury, the court found that the will of Lena Castleman created two life estates in the testamentary estate, subject to the charge in favor of Fay Jones which is now fully discharged, and that upon the death of Beatrice Vaughan in 1976 her undivided half of the Castleman estate, held in life tenancy, became vested in fee in her daughter. The other undivided half of the Castleman estate, held by Eugenia Roberdeau in life tenancy, remained in her for life. The court incorporated such orders in the judgment as were necessary to direct administration of the estate in accord with the findings.

Eugenia Roberdeau has appealed and brings the single point that it was error to

hold that the will created two separate life estates. We will overrule the point of error and affirm judgment of the trial court.

The main thrust of appellant's contention on appeal lies in the argument that the terms "upon their deaths" and "at the time of their deaths," as used in the will indicating the time at which the remainder interests would come into being, indicate that a joint tenancy in a life estate was intended, with the right of survivorship in the niece living at the death of the other. Appellant insists that this construction is necessary because the remainder interest is contingent upon existence of a living child of Roberdeau or Vaughan at the death of the survivor of them, and this class, it is argued, cannot be determined until the death of Roberdeau.

As early as 1840 in Texas " . . . the right of survivorship between joint tenants was abolished . . ." (*Ross v. Armstrong,* 25 Tex.Supp. 354, 370–1 (1860)), and in 1889 the Supreme Court of Texas held that under an existing statute the common law estate known as joint tenancy was abolished. *Peterson v. Fowler,* 73 Tex. 524, 11 S.W. 534 (1889); Art. 1655, Rev.St.1879. Since 1848 Texas has had a statute abolishing joint tenancies, and the current statute is Section 46, Texas Probate Code, a section taken directly from Article 2580, Rev.Sts. 1925. See 3 Gammel, *Laws of Texas* 132; Act of March 18, 1848.

Section 46, from which is omitted here the proviso allowing survivorship agreements not pertinent in this case, prescribes:

"Where two (2) or more persons hold an estate, real, personal, or mixed, jointly, and one (1) joint owner dies before severance, his interest in said joint estate shall not survive to the remaining joint owner or joint owners, but shall descend to, and be vested in, the heirs or legal representatives of such deceased joint owner in the same manner as if his interest had been severed and ascertained." (Sec. 46, as amended 1969).

■ Paragraph FOURTH of the Castleman will contains no language providing, or implying, rights of survivorship necessary to rebut the statutory presumption that a mere tenancy in common is granted. Use of such words as "share and share alike," or "jointly," is not sufficient to create the right of survivorship in the absence of words of survival. *Weems v. Frost National Bank of San Antonio,* 301 S.W.2d 714, 718 (Tex.Civ.App. El Paso 1957, writ ref'd n.r. e.); 46 A.L.R.2d 523, sec. 2; 20 Am.Jur.2d *Cotenancy and Joint Ownership,* sec. 13.

■ Texas cases which have held that a joint tenancy has been created, overcoming the statutory presumption, have stressed the importance of an express grant of the right of survivorship. *Chandler v. Kountze,* 130 S.W.2d 327 (Tex.Civ.App. Galveston 1939, writ ref'd). We find that the Castleman testamentary disposition neither created a joint tenancy nor a right of survivorship and therefore cannot overcome the statutory presumption.

■ Appellant asserts without authority in support that the testatrix intended a joint tenancy with right of survivorship. It is settled that in arriving at the intention of the testatrix, the inquiry must be to ascertain what the words of the testatrix express and not to discover what the testatrix meant apart from the language found in the will. *Huffman v. Huffman,* 161 Tex. 267, 339 S.W.2d 885, 888 (1960); *Davis v. Wilson,* 548 S.W.2d 483, 486 (Tex.Civ.App. Austin 1977, no writ).

■ Appellant contends that the remainder interest in the Castleman estate is contingent on survival, beyond the deaths of both the nieces, by a child of either of them, and that this class cannot be determined until the death of appellant. This view is contrary to settled law in Texas. The Supreme Court held in 1948, "It is well settled that a remainder is vested where there is a *person in being* who would have an immediate right to the possession upon the termination of the intermediate estate." (Emphasis added) *Chadwick v. Bristow,* 146 Tex. 481, 208 S.W.2d 888, 891 (1948). Lena Castleman made her will in 1945 and died in 1947. The remainder provided in her will vested at the death of the testatrix, since

Eugenia Izard Jackson was eleven years old at that time, having been born in 1936.

The judgment of the trial court is in all things affirmed.

Affirmed.